# Thomas G. Bowlby et ux., Plffs. in Err., *v.* Elena M. Thunder et al.

An alteration in the apparent date of a deed merely,—*Held* not to be material and to have been sufficiently noted on the deed to render it proper evidence.

(Decided April 5, 1886.)[1]

Error to the Common Pleas, No. 3, of Philadelphia County to review a judgment for defendants in an action of ejectment. Affirmed.

This action of ejectment was brought to recover possession of five brick houses and lots at northeast corner of 10th and Lombard streets in the city of Philadelphia. The property belonged to Charles Johnson who devised it to his wife Catharine Johnson. Mrs Johnson by deed dated January 3, 1842, and acknowledged January 4, 1842, conveyed the property in fee to Silvano A. Martinez.

Mrs. Johnson died in August, 1863, leaving a will providing, *inter alia,* as follows: I give and devise to my dear husband, Silvano A. Martinez, all my real estate situate in the city of Philadelphia, to have and to hold and enjoy the same during his natural life; and at his decease it is my will that the same

NOTE.—Ordinarily an altered instrument is not admissible in evidence, unless the alteration is explained. Boustead v. Cuyler, 116 Pa. 551, 8 Atl. 848; Nagle's Estate, 134 Pa. 31, 19 Am. St. Rep. 669, 19 Atl. 434. And the same is true where the writing is mutilated (Lenox v. Dehaas, 2 Yeates, 37); or of interlineations. (Robinson v. Myers, 67 Pa. 9). But immaterial changes will not render the paper inadmissible. Express Pub. Co. v. Aldine Press, 126 Pa. 347, 17 Atl. 608. So, a date inserted in a note by the maker after execution will not prevent its admission. Hepler v. Mt. Carmel Sav. Bank, 97 Pa. 420, 39 Am. Rep. 813. The instrument is inadmissible when offered for the person who makes the alteration (Henning v. Werkheiser, 8 Pa. 518); but it is not inadmissible when used against him. (Fritz v. Montgomery County, 17 Pa. 130). The presum tion is that the change was made prior to the delivery. Xander v. Com. 102 Pa. 434. When made subsequently, it is for the jury to say who did so. Martin v. Kline, 157 Pa. 473, 27 Atl. 753; Hudson v. Reel, 5 Pa. 279. If the paper can be restored to its former condition, it may be admitted. Com. v. Dietrich, 7 Pa. Super. Ct. 515, 42 W. N. C. 459.

shall pass to and vest in my daughter Anne Bowlby and her heirs forever.

Defendants claimed the property under the will of Martinez. Plaintiffs set up that the deed of January 3, 1842, was fraudulent, and that Martinez merely took a life estate under Mrs. Johnson's will; and that upon his death the property passed to them, under the devise to Anne Bowlby.

At the trial defendants offered the deed in evidence, and it was objected to by plaintiffs, their contention being that the deed upon inspection showed clearly to the naked eye the following alterations and erasures: 1. The words "January" and "two" in the date are written over erasures and in a different ink from the body of the deed. 2. The word "two" in the date of the acknowledgment is written over an erasure.

The only notation was the following in the attestation clause: "The date of the deed is *the third of January,* 1842. The grantee is Silvano A. Martinez," and the words in italics in this notation were in a different ink from the year and from the rest of the notation.

There was no notation of the alteration in the date of the acknowledgment.

Defendants explained these alterations as follows: As originally prepared the date of the deed was "the —— day of December, in the year of our Lord one thousand eight hundred and forty-one" and the date in the acknowledgment was "this day of ——in the year of our Lord one thousand eight hundred and forty-one."

The scrivener prepared this deed in December, 1841; but the grantor not calling for it until after that month, the scrivener erased "December" in the date of the deed, and word "one" in the year and wrote over the latter the word "two" in both the date of the deed and the date of the acknowledgment, and added to the latter the figures "1842" twice underscored; and then to explain the change in the date of the deed he added the attestation clause "the date of this deed is 1842."

All of these words and figures are in the handwriting of the scrivener, and are in the same colored ink (blue) with which the deed was written into the printed blanks for deeds. On the 3d of January Catharine Johnson signed the deed; and on the next day the alderman, Peter Hay, came to take her acknowledgment and did what is always done in like cases: he filled in the words

"third" and "January" in the deed, "fourth" and "January" in the acknowledgement, and the words "the third of January" in the attestation clause (all of which are in the same ink and by the same hand).

The court admitted the deed in evidence and the jury found for defendants; whereupon plaintiffs took this writ, alleging for error, *inter alia,* the admission of the deed in evidence.

*F. F. Brightly* and *Amos Briggs,* for plaintiffs in error.— Where the alteration on its face is beneficial to the party offering the deed in evidence, and his rights depend thereon, the burden of proof is upon him to explain it; and the question is one for the jury. Jordan v. Stewart, 23 Pa. 244; Robinson v. Myers, 67 Pa. 9; Organ v. Allison, 9 Baxt. 459; Robbins v. Magee, 76 Ind. 381.

An erasure in the acknowledgment of the deed affects the proof of execution. Devinney v. Reynolds, 1 Watts & S. 328.

An alteration in the date of a sealed instrument avoids it; the date is a material part.

Getty v. Shearer, 20 Pa. 12; Connally v. Spragins, 66 Ala. 258; Den *ex dem.* Wright v. Wright, 7 N. J. L. 177, 11 Am. Dec. 546; White v. Williams, 3 N. J. Eq. 385.

Where a deed, under which the plaintiff claims, appears upon its face to have been altered in a material sense, it is not admissible without an explanation of the alteration. Burgwin v. Bishop, 91 Pa. 336; Terry v. Slemmer, 11 W. N. C. 155. See Reck v. Clapp, 98 Pa. 581; Feig v. Meyers, 102 Pa. 10.

An explanation of an alteration is necessary, although the deed be offered as an ancient deed, more than thirty years old. Herrick v. Malin, 22 Wend. 388; Jackson *ex dem.* Gibbs v. Osborn, 2 Wend. 559, 20 Am. Dec. 649; Russell v. Peyton, 4 Ill. App. 473; Prevost v. Gratz, Pet. C. C. 364, Fed. Cas. No. 11,406; United States v. Linn, 1 How. 112, 11 L. ed. 67.

*Walter George Smith, Francis Rawle, E. D. McLoughlin,* and *Samuel Robb,* for defendants in error.—In Morris v. Vanderen, 1 Dall. 67, 1 L. ed. 40, McKEAN, Ch. J., held that an alteration should be presumed to be made after the execution of the instrument. But in Jordan v. Stewart, 23 Pa. 244, WOODWARD, J., says: "This is a harsh rule and has not been followed."

In Heffelfinger v. Shutz, 16 Serg. & R. 44, reversing the court

below for ruling out a deed "because it contained interlineations and erasures which were unexplained," DUNCAN, J., says: "The presumption may be, in the first instance, that the interlineation was after its execution; but this might be removed by very slight circumstances." See Prevost v. Gratz, 6 Wheat. 502, 5 L. ed. 316.

In Simpson v. Stackhouse, 9 Pa. 186, 49 Am. Dec. 554, GIBSON, Ch. J., says: "As a general rule the law presumes in favor of innocence, that an alteration in an instrument is a legitimate part of it, till the contrary appears; but it is not extended to negotiable securities." Foster v. McGraw, 64 Pa. 464; Robinson v. Myers, 67 Pa. 9; 1 Greenl. Ev. § 564; Devinney v. Reynolds, 1 Watts & S. 328; Feig v. Meyers, 102 Pa. 10.

Whether an alteration is material or not is a question of law; and it is error to leave it to the jury. Stephens v. Graham, 7 Serg. & R. 505, 10 Am. Dec. 485; Bowers v. Jewell, 2 N. H. 543; Steele v. Spencer, 1 Pet. 552, 7 L. ed. 259.

An alteration is an act done upon the instrument by which its meaning or language is changed. If what is written upon or erased from the instrument has no tendency to produce this result, or to mislead any person, it is not an alteration. The term is, at this day, usually applied to the act of the party entitled under the deed or instrument, and imports some fraud or improper design on his part to change its effect. 1 Greenl. Ev. § 566; Kountz v. Kennedy, 63 Pa. 187, 3 Am. Rep. 541.

"The attestation clause, when subscribed," says DUNCAN, J., in Marshall v. Gougler, 10 Serg. & R. 164, "is quasi a part of the deed;" and it is, says the court in Henning v. Werkheiser, 8 Pa. 518, "an integrant part of the instrument."

Unless this integrant part of the deed in this case is to be utterly ignored, nothing that was written upon or erased from a part of its date could possibly have a tendency to change its meaning or language or to mislead any person; and certainly what was done could not possibly have been done with any fraudulent or improper design.

The alleged alteration is immaterial, and therefore no alteration at all.

"It is well settled," says GIBSON, Ch. J., in Foust v. Renno, 8 Pa. 378, "that an innocent alteration does not vitiate." Robertson v. Hay, 91 Pa. 242; Burkholder v. Lapp, 31 Pa. 322; Gardinier v. Sisk, 3 Pa. St. 326.

The estate vested by the deed could not be devested, even by a material alteration of the deed, and would not revest in the grantor. Withers v. Atkinson, 1 Watts, 236; Arrison v. Harmstead, 2 Pa. St. 191; Barrett v. Thorndike, 1 Me. 73; Lewis v. Payn, 8 Cow. 71, 18 Am. Dec. 427; Jackson *ex dem.* Collier v. Jacoby, 9 Cow. 125; Miller v. Gilleland, 19 Pa. 119; Buller, N. P. 267.

PER CURIAM:

We see no error in the admission, nor in the rejection, of evidence. The alterations in the dates were sufficiently noted on the deed to make it proper evidence; and no sufficient evidence was given or offered to change its effect.

Judgment affirmed.