·THE BRADLEY & CURRIER COMPANY (LIMITED) v. JOHN LOVING ET AL.

1. An addition to an existing law, although an improvement of it, is not in general such an alteration of it as to be an amendment of it in the sense of the constitutional clause requiring the sections amended to be inserted at length.
:2. Nor is a clause declaring that a provision in an earlier law shall be applicable, without a recital of such provision, in all cases, unconstitutional.

'On case certified.

The question certified for the advisory opinion of the :Supreme Court is, whether the following act is constitutional :

·"A further supplement to the act entitled 'An act to secure to mechanics and others payment for their labor and materials in erecting any building,' extending liens to alterations.

" Be it enacted by the Senate and General Assembly of the 'State of New Jersey, *That the lien given by the act to which this is a supplement shall be and is hereby extended to all buildings,* of whatever description, within this state, and to the lot ·or curtilage whereon the same are erected, for all debts con·tracted or owing to any person for work done or materials furnished in and for the alteration of any such building ; provided, that work done or materials furnished under contract in and for such alterations shall be liable to the contractor ·alone, *in the manner provided by the second section of said act.*

"Approved February 8, 1883."

Argued at November Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Erwin & Keller.*

For the defendants, *William M. Johnson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.  On the part of the defence,. it is objected that the statute, a copy of which is prefixed to this opinion, is inconsistent with the constitution for two reasons, viz. : *First*, that it extends the scope and effects of the Mechanics' Lien law by referring to its title only ; and, *secondly*, that it provides that section 2 of the Mechanics'' Lien law shall be applicable to the provisions of the act of 1883, without inserting such section in the new act.

The former of these exceptions has its root in that clause of the constitution which declares that " no law shall be revised or amended by reference to its title only, but the act revised or the section or sections amended shall be inserted at length."

In the opinion of the court, the statute thus challenged, by reason of the particular just specified, does not infringe this constitutional prohibition.  This supplement does not amend the original act except in the sense that every beneficial addition to a law must, of necessity, be an improvement of it. This supplement refers to the primary act simply for the purpose of defining its own subject, and such reference is not essential to its efficacy.  If it had declared in general terms,. without expressed relation to the antecedent act, that all mechanics' liens shall be extended to all buildings, of whatever description, within this state, the effect would not have been different from what the act now produces.  The purpose of this provision of the constitution was to prevent covert legislation, and, consequently, whenever the later law is completely intelligible in itself and without comparison with the act to which, in a general way, it refers, such legislation is plainly unobjectionable.  Most of the supplements to our laws, now standing on our statute book, have been built upon this plan, and, consequently, this entire class would be invalidated by the adoption of the criterion claimed by the defence in this case.  Supplements to laws, from their very nature, must, either by expression or implication, refer to their antecedents, to whose scheme they are designed as com-

plements; and all legislation, since the establishment of the amended constitution of the state, has been constructed on this theory. Such statutory enactments must be regarded as complete in themselves, and, consequently, as unprohibited.

With respect to the second of the objections above stated, viz., that this supplement provides that section 2 of the Mechanics' Lien law shall be applicable "without inserting such section in the new act," it is sufficient to say that it is subject, in all respects, to the foregoing criticisms. The phrase of reference, in this connection objected to, may be struck from the supplement without impairing its force.

Let the Circuit Court be advised that the statute in question is constitutional, in the opinion of this court.