RUMFORD CHEMICAL WORKS *vs.* DAVID S. RAY, Town Treasurer of the Town of East Providence.

A business corporation whose capital is in shares was assessed a personal property tax as follows :    " Horses, carriages, wagons, farm tools, stock in trade, and other personal property, valued at $700,000.    Tax $6,400.''

*Held,* that as the assessment roll failed to show that the assessment was limited to the kinds of personalty mentioned in Pub. Stat. R. I. cap. 42, § 11, the assessment was void.    *Dunnell Mfg. Co.* v. *Newell,* 15 R. I. 232.

ASSUMPSIT.    Certified from the Common Pleas Division on demurrer to the declaration.

*December 4,* 1895.    MATTESON, C. J.    This is an action to

recover the amount of a tax illegally assessed and paid under protest. The case is before us on demurrer to the declaration. The grounds on which the declaration proceeds are that the complainant is a manufacturing and business corporation whose capital is divided into shares held by shareholders, and that the assessment roll does not show that the assessment was limited to the kinds of personalty taxable to the corporation in its corporate capacity. The assessment complained of is set forth in the declaration as follows : " Horses, carriages, wagons, farm tools, stock in trade, and other personal property, valued at $700,000. Tax, $6,400." The plaintiff contends that a corporation such as the plaintiff is taxable only for the kinds of personal property mentioned in Pub. Stat. R. I. cap. 42, § 11, viz., fixtures of the kinds enumerated in § 3 of that chapter, machinery and tools, live stock and farming tools on farms ; that inasmuch as the assessment, though specifying certain kinds of personal property, concludes generally "and other personal property valued at," &c., it is impossible to know from it that it did not include personal property of the kinds not taxable to the corporation as such, but taxable only as represented by the shares of the capital stock held by its shareholders, and hence that the assessment, being entire and void in part, is void as a whole. In support of its position, the plaintiff relies on *Dunnell Mfg Co.* v. *Newell*, 15 R. I. 232, in which the provisions of the statutes relating to the matter in question (Pub. Stat. R. I. cap. 42, §§ 10, 11, cap. 43, §§ 11, 12,) were considered, and in which the conclusions were reached that a business corporation whose capital was in shares is taxable only for its real estate and such personalty as is described in cap. 42, § 11, that when power to assess for taxation is limited to certain kinds of personal property the assessment roll must show that the assessment is made only on such kinds, and that if the assessment is entire and is void in part the whole is void. We think that this case is conclusive of the present, and hence that, as the assessment roll fails to show that the assessment was limited to the kinds of personalty mentioned in cap. 42, § 11, it must be held to be void.

Demurrer overruled, and case remitted to the Common Pleas Divison for further proceedings.

*Richard B. Comstock & Rathbone Gardner*, for plaintiff.
*Edwin P. Allen*, for defendant.