DELAWARE, LACKAWANNA AND WESTERN RAILROAD
COMPANY

*v.*

HENRY L. BRECKENRIDGE et al.

[Filed April 8th, 1898.]

The court directed complainant to bring an action at law to try title to land,
which action was tried and judgment rendered for complainant, and defend-
ants sued out a writ of error. On complainant's petition for an injunction, as
prayed for in his bill, the court ordered that the hearing of the cause stand
over to a day to be fixed, pending the hearing of the writ of error in the law
case; and that in the meantime no injunction issue. The practice of the
court of chancery in such case explained.

On bill for injunction, &c.

*Mr. Sherrerd Depue* and *Mr. Chauncey G. Parker*, for the
complainant.

*Mr. Henry S. Harris* and *Mr. Joseph M. Roseberry*, for the
defendants.

EMERY, V. C.

The bill in this cause was filed to compel the removal of pipes
laid by defendants under lands to which the complainant claimed
a legal title, and to enjoin the transportation of oil through these
pipes by the defendants. The defendants by their answer also
claimed the legal title to the lands for the purpose of laying
these pipes therein, and for the transportation of oil through
them for the purposes of commerce. At the final hearing, the
cause appearing to be one where the complainant's right to equi-
table relief depended at the outset upon its establishing a legal
title to the lands in question, no final decree was made, but
leave was given to complainant to bring an action at law against
the defendants within sixty days (not including the time con-

sumed by appeal from the order), and the cause was directed to stand over until after judgment in the action, or until further order, with leave for either party to apply for further directions. On appeal this order was affirmed. Complainant, within the time limited, brought an action of tort in the nature of trespass *quare clausum fregit* in the supreme court against defendants, which was tried at the Warren circuit in January, 1898, and on the trial a verdict for the plaintiff in the action was directed by the justice before whom the cause was tried, and final judgment on the verdict was entered in the action on January 12th, 1898. Bills of exceptions to the rulings and directions for verdict were taken by the defendants, and a writ of error to the court of errors and appeals was sued out on January 13th, 1898. Complainant then applied to this court by petition, in which, after setting out the record of the judgment, including the declaration and plea (which was the general issue only), and that by the judgment the legal title had been settled in its favor, and that the defendants had no right to lay or maintain the pipes for transporting oil or other purposes, an injunction was prayed according to the prayer of the original bill, restraining the use of the pipes for the transportation of oil, &c., and for such relief as complainant might be entitled to under the petition and the practice of the court. An order to show cause was granted on this petition with its accompanying affidavits, and, in the answer to the petition filed on the return day of the order, the defendants set up the pendency of the writ of error, and denied that the complainant's legal title to the lands was settled by the judgment, as claimed by complainant. In view of this denial by the answer, that the legal title to lay the pipes for the transportation of oil was settled by the judgment, leave was given to the complainant to file rebuttal affidavits and copies of the stenographic report of the trial, for the purpose of showing the issues tried, and the defendants have also filed affidavits in reply. Complainant now applies on the petition for a final decree for injunction under the bill. The first question which arises on the application is one of practice, and relates to the proper method of bringing before this court for further proceedings

D., L. & W. R. R. Co. *v.* Breckenridge.

the judgment in an action at law which has been directed, and the formal *status* of the cause in chancery when the judgment is obtained. Under the former English practice, where an action was directed upon the hearing, the cause in chancery was, at final hearing, usually directed to stand over until a day fixed in the order. In *2 Sm. Ch. Pr. (1st Am. ed.) \*90 et seq.,* this earlier practice is given in detail. In *Rodgers* v. *Nowill, 6 Hare 334, 338,* the form of order was given. If the action had not been determined by the day fixed, the time might be extended on application. *Smith* v. *Earl Effingham, 10 Beav. 589, 596.* When judgment had been entered in the action at law, then the practice was to apply by petition to set the cause down for further hearing, and the petition set out the proceedings in the action at law. For the purpose of bringing the cause again before the court of chancery, after the trial of the action at law, the formal proceeding was usually the same as when an issue at law was directed and the *postea* was returned into chancery, the cause in either form of proceeding being set down for further directions in chancery. *2 Smith Ch. Pr. 90, 91.*

Following the analogy of this established practice in this proceeding, the petition (in the absence of a day fixed for hearing by the original order) should now be treated as applying for further directions, and the cause should be considered as now before me for further hearing upon the original evidence and upon the petition, answer and affidavits. Where an issue is raised, as here, by the petition and answer as to the scope and effect of the judgment at law, and evidence *dehors* the record of the action is necessary in order to show the scope of the judgment, such evidence, for the purposes of a final decree, must, on well-settled principles, be offered in open court, and cannot be based upon *ex parte* affidavits unless they are used by consent as evidence taken on hearing. Such *ex parte* affidavits might, in a proper case, afford a basis for an interlocutory injunction to be granted pending final decree, but not for the final decree for injunction on the bill, which is the special relief now sought. In cases where testimony is necessary to show that the judgment in the action settled the question of legal title involved in the

chancery suit, the proper course, therefore, would seem to be that indicated by Chief-Baron Alexander, in *Wing* v. *Murrell, McClel. & Y. 620, 622,* as the proper course in all cases, viz., to continue the cause for hearing and give the judgment in evidence at the hearing. Evidence to show the issues actually tried would then be admissible in connection with the judgment record. Regularly, therefore, and in view of the issues raised by the petition and answer, and in the absence of any consent that the *ex parte* affidavits used on this application may be used as evidence taken on the further hearing or on a hearing upon the equity reserved, I think the only order relating to the proceeding in the cause which can now be properly made upon this application is that the cause be now set down for further hearing.

Defendants' counsel contend that the judgment at law should be brought before the court by supplemental bill, in accordance with the general rule as to setting up matters occurring subsequent to the filing of the original bill. But this principle is not applicable, as it seems to me, to the present case, where the action at law and its result are to be considered as simply one step taken in the conduct of the cause and for the purpose of proceeding to decree in the cause. The action at law is only the method of trial by which the issue as to the legal title originally contested in the bill and answer in the cause is finally settled for the purposes of the equitable relief to be asked thereon. In the case relied on by counsel (*Blakemore* v. *Glamorganshire Canal Co., 1 Myl. & K. 154*), the action on which the supplemental bill was based was not directed by the court, but seems to have been an action brought by complainant pending suit, and was, therefore, strictly supplemental to the bill (*p. 171*).

Counsel on both sides, however, without abandoning the question of formal practice, have, on this application, argued very fully and exhaustively the whole cause, as if the *ex parte* affidavits and the stenographic notes of the proceedings at the trial presented the whole cause now for final adjudication, and, as no important dispute as to facts arises, I am disposed to indicate now the view which I take as to the proper order or decree to

be made, considering the cause as now before me again on final hearing and on application for further directions, upon proofs as to the judgment at law and its scope. The affidavits and the notes of trial established that the right to lay the pipes was an issue which was tried and was settled adversely to the defendants, and this *status* of the proofs relating to the judgment was not seriously questioned by defendants at the argument after the rebuttal affidavits and the report of the trial were filed. The main question now is whether, under the circumstances of the case, a final decree upon the action at law should be rendered pending the review of the judgment upon writ of error. Complainant claims that the judgment by the court of law must, for the purposes of final decree in this suit, be now taken as finally establishing the legal title, notwithstanding the writ of error and that the final decree based on the judgment must now be made. This practice of entering final decree in chancery after the judgment at law was taken in *Hagerty* v. *Lee, 3 Dick. Ch. Rep. 98 (Vice-Chancellor Bird, 1891)*, where the vice-chancellor dismissed a bill for injunction upon the complainant's failure to establish his title in the action at law, which action resulted in the defendant's favor. No writ of error was pending, however, at the time of this application, nor was any reference made in the opinion to the effect of one if taken out. A writ of error was subsequently taken out, upon which the judgment of the inferior court of law was reversed (*25 Vr. 580, June Term, 1892*), and an appeal being taken from the decree of Vice-Chancellor Bird dismissing the bill for injunction, this decree was reversed at the succeeding term. *S. C., 5 Dick. Ch. Rep. 464 (November, 1892)*. The opinion stated that the questions involved on the appeal from the decree dismissing the bill were in no respect different from those adjudicated in the action at law, and the decree was reversed for the reasons given in the opinion reversing the judgment at law. The precise question now raised was not considered either by Vice-Chancellor Bird or in the court of appeals, for this question is whether a final decree in the chancery suit must proceed at once on the basis of the finality of the judgment in the action at law pending a writ

of error, and it would seem that if the court of chancery is obliged to proceed to such decree pending the writ of error, and has no right to wait for the decision on error, then a decree based on the existing judgment is not erroneous and could not be reversed as based on an invalid judgment in the action.

As was pointed out in *Black* v. *Delaware and Raritan Canal Co., 9 C. E. Gr. 455, 483,* by the court of errors and appeals, the question on review in the appellate court is whether the decree was right on the case as presented in the court below and on the facts then existing, and any equities arising subsequently to the decree would, on this theory, be regularly brought to the attention of the court below by application after the decree, and would seem to be properly the basis for a bill of review or bill in the nature thereof based upon matter arising after decree. *Story Eq. Pl. 412.* The pendency of a writ of error at the time of the application for further directions and final decree on the judgment is, as it seems to me, one of vital importance. Where a cause stands over in equity for the purpose of determining a legal question upon the settlement of which the further equities of the parties depend, the parties to the suit at law are bound to proceed with reasonable diligence and are not entitled to suspend the further action of the court of equity in the cause until the limit of time allowed by the common-law procedure.

This principle was applied to the plaintiff's obligation to proceed with his action in *Arnold* v. *Thomson, 32 L. J. Ch. 40 (Vice-Chancellor Wood, 1863),* and must also be applied to the prosecution of a writ of error by a defendant against whom a judgment at law has been obtained in the action directed to be brought. If, therefore, at the time when the cause is set down for further directions or hearing, the party defeated in the action at law has made no effort for review of the proceedings in the court of law, and no application for new trial or writ of error in the action at law is pending, the court of equity is entitled to proceed to final hearing at once, and on such hearing is obliged to treat the judgment as final for all the purposes of the hearing. But where a writ of error is pending and is being prosecuted without delay, then, as it seems to me, the decision of the

question whether, for the purposes of making at once a final decree, the judgment or verdict at law should be treated as final, involves additional considerations. Where the court of chancery itself directs an issue of fact to be tried by a jury, the verdict, with the *postea,* is returned into the court of chancery, and the party against whom the verdict goes is always afforded an opportunity to apply to set aside for either error of fact or error in law at the trial. And where, on the other hand, an action at law instead of an issue is directed, the defeated party in the action at law cannot review the proceedings in the action by application to the court of chancery, but proceedings in the action are reviewable only in the court of law by application for new trial or bill of exceptions for error in law. The distinction in this respect as to the forum of review is clearly pointed out by Mr. Justice Depue in *American Dock and Improvement Co.* v. *Trustees, &c., 10 Stew. Eq. 266, 269 (Errors and Appeals, 1883),* with a reference to the authorities, *Hope* v. *Hope, 10 Beav. 581, 586,* being one of the leading cases. And the cases further show that where the court of chancery directs an issue at law and the *postea* is returned into chancery, it does not proceed to final decree on the verdict thereon without affording an opportunity to the party defeated on the issue at law to be heard as to errors of fact or law occurring at the trial. They also establish, in my judgment, that where an action at law is directed, the court of chancery, in declining to review any alleged errors in the proceedings in this action, does so not because the party is not entitled to any review before a final decree is made, but because the right of review is given by the proceedings at law and should be there pursued. For it must be observed that the sole purpose of directing the action at law is that the contested legal title may be settled by a court of law in such a manner that a court of equity should treat it as final between the parties as a basis for settling the ultimate equities of the cause arising on the settlement of the legal title. If at the time fixed for further hearing in equity an application for a new trial is pending in the court of law, then, as was said by Lord

Langdale, master of the rolls, in *Smith* v. *Effingham, 10 Beav. 589, 596,* motion must be made to retain the bill.

The pendency of proceedings to review alleged errors in law by writ of error would seem to be equally good reason for directing the hearing in equity to stand over, at least where such proceedings are not manifestly taken for delay. Ordinarily, therefore, and in the absence of any special circumstances in the cause which would make it necessary or proper for the protection of the equitable interests of the parties that an injunction should go pending the review in the court of law, this court is not obliged, necessarily, to regard the judgment of the inferior court of law, upon which a review is pending, as final for the purpose of making a final decree for injunction in the suit, but may, pending a decision upon error, direct the final hearing to stand over. If this court is not so obliged, now and pending the writ of error, to treat the judgment as final for the purpose of final decree in this suit, the present case is one where, under the circumstances, the final decree should be reserved until a decision upon the writ of error.

The questions of law involved are fair ones for the decision of the highest court; the case was tried by the parties with the evident intention on each side of taking it up by writ of error in case of adverse decision; the writ is taken *bona fide* and has been prosecuted without delay, and the damage to the complainant, by reason of the withholding of the injunction, is small, if not trifling, in comparison with the injury to the defendants, if the injunction should be granted and the judgment at law be reversed. The case, therefore, is not one where, on the principles usually applied, the injunction now asked for would be granted pending the trial of the right, and in this respect the *status* of the case pending the final settlement of the legal right by the court of errors and appeals is the same as at the time of the order originally made at the hearing.

The review of the proceedings at law by the writ of error should, for the purposes of the present application, be considered as a continuation of the trial of the legal right in the action at law, which was directed by the original order. No circum-

stances appear which make it necessary to issue an injunction pending this review, and I will, therefore, advise an order that the hearing of the cause do now stand over to a day to be fixed. Such order is within the scope of the prayer for general relief made in the petition on which this hearing proceeds.