No. 13,608.

KATE P. JOURDAN vs. H. L. GARLAND, JR.

SYLLABUS.

1. Act No. 50 of 1886 so amends Article 375 C. P. as to permit the recovery of damages as against the plaintiffs in the writs, and in the same proceedings whereby the writs are set aside, in all cases of illegal arrest, attachment, sequestration, provisional seizure and injunction.

2.  It follows that the plaintiff in executory process whose order of seizure and sale has been enjoined may reconvene and, in the same proceeding, obtain judgment dissolving the injunction and condemning the plaintiff in injunction in damages.

3.  But there has been no change in the law upon the subject of the right or manner of recovery as against the surety on the injunction bond in such a case, as to whom the defendant in injunction must, as heretofore, resort to an action on the bond.

IN RE. Gabriel Sintes *et als.* applying for *certiorari*, or writ of review, to the Court of Appeals, Parish of Orleans, State of Louisiana.

*Theodore Cotonio* for Appellant.

*William S. Benedict* for Miss Kate P. Jourdan, Respondent.

The opinion of the court was delivered by MONROE, J.

On the application for a rehearing by BLANCHARD, J.

MONROE, J.   Miss Kate P. Jourdan, the titular plaintiff in this suit, being the holder of certain past due notes, executed by the defendant, H. L. Garland, Jr., and secured by mortgage on real estate in New Orleans, caused the mortgaged property to be seized, under executory process, and advertised to be sold in satisfaction of her claim.   Thereupon, the proposed sale was injoined at the suit of Mrs. Caroline Cotonio, and Gabriel Sintes became the surety upon the injunction bond.   There was a trial in the District Court resulting in a judgment for the defendant in injunction dissolving the writ and condemning the plaintiff in injunction and the surety on the bond in damages, and the parties so condemned appealed to the Court of Appeal for the Parish of Orleans, where the judgment appealed from was affirmed. Thereupon, and after an ineffectual attempt to obtain a rehearing, said parties applied to this court for relief by way of *certiorari* and review, setting forth various grounds of complaint and among them that the seizing creditor was not entitled to recover damages in the same proceeding in which the injunction was set aside.   Upon the petition filed by them, the following order was made, to-wit:   "The writ applied for " is denied as to the judgment rendered by the Honorable the Court of " Appeal in so far as the same deals with the merits of the injunction,

" and granted as to that part of the judgment which sustains the decree
" of the District Court awarding fifty dollars damages against the
" principal and surety on the injunction bond," etc.

The only question which we have now to consider, therefore, is as to
the correctness of the judgment condemning the plaintiff in injunction
and the surety on his bond in damages in the same proceeding wherein
the injunction was dissolved.

In Dejean vs. Hebert, et als., 31 Ann. 729, it was said by this court:
" The order of seizure and sale is so far a judgment that it can be
" appealed from, but it is not a judgment in the true, legal, sense of the
" term; it does not possess all its features. It is granted without cita-
" tion, decides no issues, adjudicates no rights, in addition to those
" mentioned in the act, and the party injoining such an order can, with
" his surety, be held liable but by an action on the bond."

This ruling was affirmed in Thompson vs. Lemelle, 32 Ann. 933;
Burgess et al. vs. Gordy, Sheriff, 32 Ann. 1296; Hodgson vs. Roth, 33
Ann. 941; Boyer vs. Sheriff, 40 Ann. 657; Simonds vs. Sheriff, et als.,
46 Ann. 473.

Of the decisions thus referred to, but two have been rendered since
1886, and in neither of these does it appear that Act No. 50 of that year
was called to the attention of the court. That act amends and re-enacts
Article No. 375 of the Code of Practice, which is an article providing
in what cases reconventional demands may be brought. The amend-
ment consists in the addition of the following language, to-wit: "And
" provided further, that in all cases of arrest, attachment, sequestration,
" provisional seizure, and injunction, the defendant may, in the same
" suit, by reconventional demand, recover from the plaintiff the
" damages he may have sustained by the illegal resort to such writ."

There can be no doubt that, under the law, the defendant in any
injunction, whether against an order of seizure and sale or against an
ordinary judgment, is entitled "to recover from the plaintiff" in such
injunction, in the same proceeding, and upon a demand in reconven-
tion, such damages, as he (the defendant) may have sustained by
reason of the illegal resort to the writ. And it has been so held in
Syndic vs. Sheriff, et als., 48 Ann. 410. But it does not follow from
this that there can be such recovery from the surety on the injunction
bond. The right to recover from the surety, in the same judgment in
which the injunction is dissolved, is conferred by Article 304 C. P.
But Article 304, as we have seen, applies only to cases where ordinary

judgments are injoined and not to injunctions restraining orders of seizure and sale; and whilst the Act of 1886, amending Article 375, places all injunctions on the same level so far as the right to recover damages against the plaintiff is concerned, there has been no change in the law with respect to the right of recovery as against the sureties on the injunction bonds, which remains as it was before the passage of said act. It follows, therefore, that where an order of seizure and sale is injoined, the defendant in such injunction, in obtaining the dissolution of the writ, may obtain judgment, in reconvention, for damages against the plaintiff in injunction, but not against the surety on the bond, as to whom he must, as heretofore, resort to an action on the bond.

It is, therefore, ordered, adjudged and decreed that the judgment of the Court of Appeal, rendered in the matter of Kate P. Jourdan vs. H. L. Garland, Jr., affirming the judgment of the District Court in said cause, and condemning Gabriel Sintes, surety, in the sum of fifty dollars ($50), as also the judgment of the District Court, which was thus affirmed, be annulled, avoided and reversed, in so far as said judgments condemn said Sintes, and that the reconventional demand of said Kate P. Jourdan, as against said Gabriel Sintes, be dismissed, reserving, however, to said plaintiff in reconvention her recourse upon the bond signed by said Sintes by means of a separate action.

It is further ordered that said Sintes recover from said Kate P. Jourdan such costs as may have been legitimately expended by him.

It is further ordered that the demands of the applicants be, in all other respects, denied and this application dismissed at the cost of Mrs. Caroline Cotonio.

ON APPLICATION FOR REHEARING.

*Per Curiam.*

BLANCHARD, J. No sufficient grounds for the rehearing applied for appearing the same is denied, but in the matter of costs the decree heretofore handed down is amended so as to impose the costs of the application made to this court for its writ of review equally upon Mrs. Caroline Cotonio, appellant, and Kate P. Jourdan, appellee.