(Court of Appeal, Parish of Orleans.)

## MRS. WIDOW A. PONS vs. WALKER & ZELLER.

1. To recover damages from the surety on an injunction bond, the defendant in injunction must resort to an action on the bond.
2. Whether a defendant in an injunction suit in which the injunction has been dissolved should recover frcm the plaintiff in injunction his attorney's fees as damages, must be determined by the facts of each special cause and not by any inflexible rule.
3. Where the intent of the parties to agreement is doubtful, the construction placed upon it by them furnishes a rule of interpretation.

Appeal from Civil District Court, Division B.

W. O. Hart, for Plaintiff and Appellant.

Wm. C. McLeod, Defendants and Appellees.

DUFOUR, J. The plaintiff leased to the defendant "the three upper floors of the premises with entrances on Canal and Royal streets, such premises being at the corner of Canal and Royal streets."

During the continuance of the lease, the lessor enjoined the lessee "from using the closet, filtering apparatus and pump and from putting any other obstructions on the roof of the property No. 155 Royal street."

The grounds urged for the injunction were that said roof was not part of the leased premises, that the closet was unsanitary and, together with the filtering apparatus and pump, leaked and were a nuisance and a cause of injury to the plaintiff's property and that of her adjoining other tenants.

There was judgment dismissing the injunction and awarding $145 to defendant against plaintiff and her surety on the injunction bond. So far as the latter is concerned, the judgment is erroneous; his liability can be fixed only by resorting to an action on the bond. 105 La. 486.

Three questions are presented for our consideration:

1st. Did the lease include the property occupied by the defendant as a closet and for a filtering apparatus?

2nd. If yea, did the lessee make lawful use of such property?

3rd. Is the lessee entitled to his expenses for removing the articles in obedience to the injunction, and to attorney's fees under the circumstances disclosed.

There is nothing in the description of the property which

shows exactly what was leased; no measurements nor municipal numbers are given, the sole identification being by reference to the corner and the entrances to the premises. Under this condition of silence in the written instrument, verbal proof of the extent of the premises in the appreciation of the parties litigant is admissible and proper. R. C. C. 1956. The testimony of Walker, of the defendant firm, and of plaintiff's builder, Galle, is to the effect that she built the new rooms in the manner, required by defendants, replace an outbuilding which was used by defendants under their lease for similar purposes. The lessor did not take the stand to contradict that statement.

The testimony as to the leak caused by the apparatus is not convincing, particularly when it is noted that a roof is and should be kept in condition for the very purpose of protecting the property it covers from leaks resulting from any cause whatsoever. The defendants to plaintiff's knowledge required a filter in their business and they had the right to put one up, if they did so in a proper way. The trend of the record is that the filtering apparatus was in good condition but that the roof was not.

The costs of removing the filter and making connection for proper pressure were incurred obediently to an injunction subsequently set aside and are recoverable.

So we think are the attorney's fees, the injunction issued on the face of the papers "to be in force until the case is heard and decided on its merits," and its dissolution could not be obtained until such trial had been had. A motion to dissolve would have presented the identical issue, and we think the defendants entitled to recover this item, according to the doctrine in 106 La. 19-29.

In the matter of costs we shall follow the precedent in 105 La. 489.

The judgment appealed from is reversed so far as it condemns W. N. Louque, and in all other respects it is affirmed at plaintiff's costs, in both Courts, reserving said defendant's right to proceed against said Louque by separate action on the bond, and it is further ordered that Louque recover of defendants such costs as may legitimately have been expended by him.

January 11, 1904.

Rehearing refused.

Writ denied by Supreme Court, April 11th, 1904.