June 16, 1909.

————o————

No. 4750.

Court of Appeal, Parish of Orleans.

ALDEN McLELLAN ET AL VS. A. H. MURRAY.ET AL.

1. All the issues presented by the pleadings of a case and on which evidence is introduced on the trial will be considered as disposed of by a final judgment, unless a special reservation is made thereon.

2. But the failure of a judgment to reserve rights mentioned in the prayer, though not put at issue in the petition' or answer, cannot be the basis of a plea of *res adjudicata* to a subsequent suit for such rights.

Appeal from Civil District Court, Division "B."

H. H. Hall, for Plaintiff and Appellee.

E. H. McCaleb and J. B. Rosser, for Defendant and Appellant.

DUFOUR, J. The history of this litigation will be found fully detailed in our decision in McLellan vs. Rosser, No. 4158 of our docket, decided April 22, 1907.

The present proceeding is one for damages caused by the issuance of the injunction sued out by Murray and which was finally dissolved by the Supreme Court, and it is brought against

—385—

Murray and his surety on the injunction bond.

The legal defence tendered is *res judicata*, based on the suggestion that, in the injunction suit, McLellan prayed for a reservation of his right to demand damages and the decree of the Supreme Court made no such reservation.

In support of this argument, cases are cited where damages had been specifically prayed for and ignored by the Court, and such judgments were held to have the force of the thing adjudged.

The correct rule of law is that all issues presented by the pleadings of a case and on which evidence is introduced on the trial will be considered as disposed of by final judgment, unless a special reservation is made thereon. 36 An. 398.

At the time the answer was filed it was impossible to tender the issue of damages as they had not accrued and could not have entirely accrued until the final dissolution of the injunction.

Moreover, the surety on the bond could not have been sued in that case. (105 La. 486). It follows that, as the issue was not made and no evidence was introduced as to the damages now sued for, the judgment in the injunction suit is not *res judicata*.

It is said that plaintiff suffered no damage because at the second sale the property brought more than it did at the first; this is not the test. The fact remains that, owing to the delays, costs, etc., the plaintiff was still considerably out of pocket.

His subsequent resale at a profit is not a factor in determining rights which were fixed long before the property became his.

The interest on the note, taxes and insurance during the time the injunction was in force are due by Murray, as the delay was caused by his injunction and in our No. 4158 supra we held that Rosser could not be charged with them.

The value of the attorney's fees is sufficiently shown, and the costs of the proceedings are properly included in the suit to hold the surety liable.

Of course, there can be but one execution for the costs.

The judgment in favor of plaintiff is correct.

Judgment affirmed.

June 21, 1909.

Rehearing refused June 30, 1909.

Writ refused by Supreme Court October 13, 1909.