————o————

No. 5726.

## A. J. CARRIERE AND R. L. HEAZLITT vs. MORRIS BUILDING & LAND IMPROVEMENT ASS'N. LTD.

### Syllabus.

1. In an action by a third person for actual damages for the illegal seizure of his property, proof of good faith and want of malice on defendant's part does not bar recovery, though these elements might be considered in mitigation of damages or in assessing punitory damages.

2. In the assessment of damages in such an action, it is proper to allow the expenses for attorneys' fees and briefs incurred by plaintiff in successfully prosecuting the third opposition wherein the illegality of the seizure was determined.

Appeal from the Civil District Court, Parish of Orleans, Division "E," No. 99,048, Hon. G. H. Theard, Judge.

Teissier & Teissier, for plaintiff and appellee.

Jas. Legendre, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

This action is for actual damages claimed to have been sustained by plaintiffs through the seizure made by defendant of their furniture in the suit of Morris Building

and Land Improvement Association, Limited, vs. Vekol Mining Company, No. 5505 of our docket, not yet reported, wherein, upon the intervention and third opposition of the present plaintiffs, we held that the provisional seizure of their furniture was illegal.

The damages claimed are for attorneys' fees and costs of brief in maintaining the third opposition in that suit and for the annoyance and humiliation suffered and for the deprivation of their furniture during the seizure.

There is no merit in the defense that plaintiffs are without right of recovery because defendant acted in good faith. That element might be considered in assessing punitory damages and in mitigation of damages, but has no bearing upon the right of recovering actual damage such as is here demanded.

Another defense, and one upon which defendant likewise bases a demand in reconvention, is to the effect that plaintiffs violated an understanding whereby, in consideration of defendant's consenting to postpone the levying of the seizure, they agreed not to remove their furniture from the leased premises during the delay granted.

To this defense and demand in reconvention, the judgment in the previous suit was pleaded as res adjudicata, and the plea is well-founded, for in that suit the present defendant sought to maintain the legality of its seizure on this same ground, this Court holding:—

> "There was some question involved as to an agreement on the part of opponents not to remove their property from defendant's office if time were given. But the District Judge reached the conclusion that there was some misunderstanding about this and therefore disregarded it. His conclusions of fact are not to be disturbed lightly and we accept them."
> Morris Building & Land Etc., Association vs. Vekol Mining Company, No. 5505 of our docket, not yet reported.

The lower Court properly allowed the item of costs of brief in assessing plaintiff's damages.

> Frank vs. Chaffe & Sons, 34 An., 1205; McFarland vs. Company, 38 A., 352; Fush vs. Egan, 48 A., 64.

As to the claim for attorneys' fees there is direct authority for its allowance in matters of this character.

> Gilkirson vs. Yale & Bowling, 47 A., 690.

The following cases likewise support the allowance of this item.

> Meaux vs. Pittmann, 35 A., 360; McRea vs. Brown, 12 A., 181; Jones vs. Doles, 3 A., 588.

The defendant complains of the amount fixed for attorneys' fees, namely, $40.00; but considering the nature and extent of the previous litigation and its effect upon the present suit, we are unable to say that it is excessive.

Nominal damages only were allowed for the annoyance and humiliation claimed to have been suffered and for the deprivation of the use of the furniture during the seizure, but no serious complaint is made on that score by either party.

There is no error in the judgment appealed from and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, January 27, 1913.

Dufour, J., takes no part.