JACOB IPSER

 VS

MRS. EDWARD J. KESSLER, & al
 Appellants.

No. 7644.

December 8th, 1919.

CHARLES F. CLAIBORNE, JUDGE.

Plaintiff Ipser alleged that he was the owner of a note made by the defendant, Mrs. Kessler, to secure the payment of which she granted a mortgage; he further alleged that the defendant had failed to pay the note, and he prayed for executory process - and for recovery of the amount of the note.

The writ issued as prayed for.

Whereupon the defendant, Mrs. Kessler, obtained an injunction, without bond, against the execution of the writ. She alleged that after maturity she paid the note to the Commercial Germania Bank the holder thereof; that one Jules J. Viosca then took possession of said note for the purpose of holding it until a pretended but invalid claim he asserted against her was paid; that the claim set up was the debt of her husband and not hers, and that Viosca then delivered the note to Ipser, the plaintiff herein.

Ipser did not take a rule to dissolve the injunction in the manner provided by Article 741 of the Code of Practice. But, instead, he filed an appearance containing an exception, an answer, and a reconventional demand. His exception was that the order for the injunction should not have been granted without bond; the answer was practically a general denial of all the allegations contained in the petition for the injunction, an allegation that Jules J. Viosca had purchased the note from the Bank; and concluded with a prayer in reconvention for $250 damages for attorney's fees.

The case was tried at one and the same time on the pleadings made in that appearance.

On the day of the trial of the case, the plaintiff, Mrs. Kessler was dead. Her testimony had not been taken, But

143

the testimony of her husband was taken, as well as the testimony of Jules J. Viosca, and of the cashier of the Bank.

There was judgment in favor of Ipser dissolving the injunction, and condemning the Succession of Mrs. Kessler to pay "fifty dollars, as damages, for attorney's fees".

The defendants applied for a new trial on the grounds that the Court erred in dissolving the injunction and in awarding attorney's fees. The new trial was refused on same day, - apparently without hearing.

From that judgment the Succession of Mrs. Kessler has appealed. Ipser has answered and prayed for damages for a frivolous appeal.

Upon the argument of the case in this Court, counsel for the Succession of Mrs. Kessler has conceded that upon the face of the record the judgment dissolving the injunction was correct. Our own examination of the testimony satisfies us that Jules J. Viosca did not pay the note of $500, but that Mrs. Kessler paid $200 in part payment which was credited on the back of the note; and that Viosca, with a view of acquiring and carrying the note, paid $300 to the Bank which transferred the note to him. The cashier of the Bank testified:

"If I considered the note paid at the time I would have cancelled it with my stamp; but I considered $200 paid on account, and the balance carried by Mr. Viosca".

In the case of Interstate Bank vs Irwin, 138 La., 325, the Supreme Court said:

"When one who is not the maker of a note tenders to the holder the amount due, expressing his intention and purpose to be to "take up the note and carry it" and requests that the note be not stamped "paid", and the holder thereupon accepts the money and delivers the note uncancelled, without expressing any objection to transferring it, the transaction is a sale of the note".

The only remaining question therefore is: was the judgment correct in condemning the Succession of Kessler to pay

144

$50 damages as attorney's fees?

We have seen that the case *was* decided, and the injunction dissolved, not on motion, but after an answer and trial on the merits. The appellant submits, as a reversible error in the judgment, that attorney's fees are not allowed for services rendered in dissolving an injunction ~~while~~ on the merits; that they are only accorded for services connected exclusively with the dissolution of the writ itself.

In the case of Hanson Lumber Co. vs Mestayer, 130 La., 688 (691.692), the Court said:

"The fees of attorneys may be allowed as damages when paid or incurred for services rendered in obtaining the dissolution of the writ of injunction or any other conservatory writ (authorities); but they are not allowed for services in defending upon its merits, a suit in which a writ may have been wrongfully issued, if the dissolution of such writ results merely from the defense and trial, on the merits, and no effort to obtain such dissolution otherwise is shown to have been made".

This opinion is supported by the following authorities: 5 A., 714; 10 A., 10; 11 A., 391; 12 A., 711; 13 A., 214, 440; 25 A., 469 (470); 26 A., 120; 32 A., 1179 (1182); 33 A., 6; 34 A., 342; 37 A., 182, 479; 40 A., 23 (27); 41 A., 412; 47 A., 582; 48 A., 64, 321; 52 A., 602; 111 La., 60 (70); 122 La., 850 (856); 127 La., 189; 130 La., 688 (692); 2 High on Injunctions §1588; 22 Cyc 1006.1008 (note 64) 1062. These decisions have been followed by this Court in 2 Ct. App. 168; 9 Ct. App. 355; and 13 Ct. App. 216.

They are all based upon the principle that parties are not entitled to recover attorney's fees from their opponents in the prosecution or defense of ordinary suits unaccompanied by malice. 17 La., 266, 19 La., 360; 36 La., 377; 40 A., 24.25; 15 Wall, 230)

The appellee refers us to the case of Jourdain vs Garland, 105 La., 486, in which attorney's fees were allowed the

145

defendant in executory process on the dissolution of the injunction on the merits. We have examined many other cases in which a like allowance was made. 2 La., 100; *12 a, 181 - 14 a 334 -* 3 A., 588; 23 A., 685; 28 A., 60; 33 A., 443; 37 A., 482; 42 A., 666; 48 A., 537 (541); 52 A., 35; 135 La., 7.9.

But it does not appear in any of the above cases, that the point raised here, was made -, or they were decided in construing the special provisions of Article C. P. 304 relative to injunctions against ordinary final money judgments which have no application to executory process. *Yielding to* the binding authority of these cases the judgment allowing attorney's fees must be reversed.

It is therefore ordered that the judgment appealed from be affirmed in so far as it is in favor of the plaintiff Jacob Ipser, and against the defendant, the Succession of Mrs. Edward J. Kessler, dissolving the injunction herein; and that it be reversed and annulled in so far as it is in favor of Jacob Ipser condemning the Succession of Mrs. Edward J. Kessler to pay him fifty dollars as damages for attorney's fees;

It is further ordered that Jacob Ipser pay the costs of appeal and the Succession of Mrs. Kessler the costs of the District Court.

<div align="center">

Judgment amended and affirmed.

December 8th, 1919.