BALDWIN LUMBER-JUNCTION MILLING INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF, v. BENJAMIN B. MOSKOWITZ, TRUSTEE IN BANKRUPTCY OF ACE CONTRACTING COMPANY, BUILDER, AND ROSA CELLA, OWNER, DEFENDANT.

Decided May 13, 1937.

For the motion, *McDermott, Enright & Carpenter* and *Thomas L. Parsonnet, amicus curiæ.*

*Contra, George Clott* (*Murray Greiman,* of counsel).

OLIPHANT, C. C. J.   This is a motion by the defendant Rosa Cella to strike plaintiff's complaint on the ground that section 1 of the Mechanics' Lien act of 1930 was repealed, abrogated, nullified and made ineffective by chapter 171 of the laws of 1934. *N. J. Stat. Annual* 1934, § 126-1.

It is the contention of the defendant that the effect of the title and enacting clause of chapter 171 of the laws of 1934 is to substitute section 1 as therein set forth in the place and stead of section 1 of the Mechanics' Lien act as amended by chapter 212 of the laws of 1930, so that section 1 of the Mechanics' Lien act in its entirety now reads as it appears in chapter 171, laws of 1934. In other words, that the enactment of chapter 171 of the laws of 1934 has destroyed the right of lien in all cases except that of well diggers.

Chapter 171 of the laws of 1934 is clearly violative of article 4, section 7, paragraph 4 of the state constitution, as amended, which reads as follows: "No law shall be revived or amended by reference to its title only, but the act revived or the section or sections amended shall be inserted at length." The vice of the amendment is that it does not restate section 1, chapter 212 of the 1930 act. *Supp. Comp. Stat.* 1925-1930, § 126-1.

The clear intention of the legislature was to "extend" the "lien given by this act." The amendment presupposes the continued existence of the liens. If, as the defendants contend, this very amendment destroys all rights to liens, as against the explicit intention of the legislature to the contrary, then the amendment must fall under the constitutional prohibition herein before set forth. The 1934 amendment does not in itself create a lien for "sinking, driving, digging or drilling  *  *  *  wells," but merely "extended the lien already given by this act." If this very amendment wipes out the liens previously created by section 1 of the 1930 act,

then there is no lien to extend, and the amendment is unconstitutional for extending such non-existing liens to a further subject.

It is well settled that the reason for article 4, section 7, paragraph 4 of our constitution is to prevent covert, incautious and fraudulent legislation. *Evernham* v. *Hulit*, 45 *N. J. L.* 53; *Bradley & Currier Co.* v. *Loving*, 54 *Id.* 227; 23 *Atl. Rep.* 685. It is further well recognized that every supplement and amendment need not set out at length every prior statute altered or modified but the cases are uniform that unless the amending act is complete and perfect in itself—the purpose, meaning and full scope of which are apparent on its face—it comes within the prohibition. To circumvent the provision of the constitution, the act must be completely intelligible in itself, without examination of and a comparison with the act to which it refers. *Campbell* v. *Board of Pharmacy of New Jersey*, 45 *N. J. L.* 241 (at *p.* 245); *Bradley & Currier* v. *Loving, supra; Board of Education of Newark* v. *Civil Service Commission*, 98 *Id.* 417; 119 *Atl. Rep.* 875; 59 *Corp. Jur.* 865.

The 1934 amendment is unintelligible standing by itself, its meaning and full scope are not apparent on its face and without reference to the act of 1930 is meaningless. The amendment cannot both recognize as in existence section 1 of the Mechanics' Lien act as amended by chapter 212 of the laws of 1930, which creates the lien it expressly recognizes and extends, and nevertheless stand constitutionally so as to be given the effect of a repealer of the only section creating the lien.

Chapter 171 of the laws of 1934 being unconstitutional, the right to the lien claimed in the complaint is in force and effect and the motion will be denied. An order in conformity with this opinion may be presented.