JOHN M. BACH *v.* SYNDIC OF MILLER.

Where there is an exclusion of warranty in an act of sale, the vendee, on eviction, can only recover, besides costs, the price which he paid, which will bear interest from the date of the eviction.

Where a party is cited in warranty, and he neglects to call in his warrantor, in a separate action, he can only recover from his warrantor the costs of the former suit up to the date of the citation.

Where the creditors of an insolvent have been enriched by an unauthorized act of the syndic, the successor in office of such syndic may be compelled to refund the amount.

APPEAL from the Fifth District Court of New Orleans, *Duvigneaud, J.*, presiding. *Whittaker & Fellows*, and *H. H. Taylor*, for plaintiff. *H. H. Strawbridge* and *H. D. Ogden*, for defendant and appellant.

MERRICK, C. J. This is an action in warranty. The facts are correctly stated in defendant's brief as follows, viz:

"On the 9th of May, 1833, by act before Caire, notary public, John F. Miller and John H. Holland purchased in common two lots of ground, Nos. 9 (otherwise and more properly called No. 10,) and 4, in square 68 of Fauxbourg Annunciation,—lot No. 10 having 60 feet front on Prytanee street, by 120 deep, French measure."

"Miller and Holland both became insolvent about 1840, and cessions of their property ensued."

"Miller's interest in the two lots figures on his schedule as 'the undivided half of two lots of ground on Prytanee street, value $2,000.'"

"In January, 1847, Wm. Turner and John F. Miller, as syndics of the latter's estate, presented to the court having cognizance of the insolvency a petition for authority 'to sell and dispose of the right and title of John F. Miller to the undivided half of two lots of ground situated on Prytanee street, known as Nos. 8 and 9 of square 68, in the Fauxbourg Annunciation, in Municipality No. 2, of the City of New Orleans.' On the 27th of the same month an order was given accordingly."

"It does not appear by what description the property was advertised; but, by an act of sale of 17th April, 1849, before Chiapella, purporting to be in pursuance of a public adjudication made at a sale effected on the 4th March previous, *in obedience to the order of court of 27th January,* 1847, the two syndics conveyed to John M. Bach, *without any guarantee whatever,* all that piece or lot of ground situate in the suburb Lacourse, above this city, and being designated by the No. 9 of square or îlet No. 68, said lot of ground measuring 60 feet front on Prytanee Walk, by 120 in depth."

" The syndics, therefore, sold more than they had petitioned or been authorized to sell by court, and more than really belonged to their insolvent. Instead of his 'right and title' to an undivided half, they sold the lot itself, and the whole lot, but without any warranty. The price was $1,500, to remain deposited in the Notary's hands until the mortgages on the property should be cancelled."

Bach divided his purchase into two halves or lots, each of 30 feet front on Prytanee Walk, by 120 deep. The half next Prytanee street he sold to Josephs, and the half next Coliseum street he conveyed to Wray, who sold to Stinson, who sold to Jackson."

The sale to Josephs was without warranty.

The syndic of Holland's creditors brought suit to recover the undivided half of the two lots against the possessors, A. K. Josephs and Robert Jackson, and by consent, in order to avoid a partition, judgment was rendered for the one undivided half of the value of the lots, viz, $1850. Mr. Bach having been called in warranty, judgment was rendered against him in favor of his immediate vendee, for the sum of $925.

Bach has brought this suit to recover of the syndic of John F. Miller's creditors the amount he has thus been compelled to pay, and costs, and $200 attorney's fees.

Judgment was rendered in favor of plaintiff for $1,125, with interest from the date of the first judgment.

Defendant appeals. He contends that the insolvent estate cannot be made responsible for the illegal acts of the former syndic; that Bach having failed to call his vendor in warranty, cannot recover costs of the former suit, or damages, nor anything more than the price, and that such price can bear interest only from judicial demand.

The judgment of the lower court is erroneous. There being an exclusion of warranty, the only amount the plaintiff can recover, besides costs, is the price which he paid, viz, $750. C. C. 2481, 5 An. 314. If the creditors have been enriched by the unauthorized act of the former syndic, there is no reason why the present syndic, their agent, should not refund the amount.

The sum due by the syndic bore interest as *a debt* from the date of the eviction.

As it respects the costs, the plaintiff is only entitled to recover those due up to the date of the service of citation in warranty on himself. *Delacroix* v. *Cenas' Heirs,* 8 N. S. 356. How much those costs are, the record does not inform us.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and it is now here ordered, adjudged and decreed, that the plaintiff do recover and have judgment against said Mills Judson, in his capacity of syndic of the credi-

tors of the insolvent, John F. Miller, for the sum of seven hundred and fifty dollars, with five per cent interest thereon from the 20th day of April, 1858, until paid; and it is further ordered, that plaintiff's demand to recover costs paid by him in the case of *James Ogilvie, syndic*, v. *Robert Jackson et al.*, be dismissed, as in case of nonsuit; and it is further ordered, that the defendant in his capacity pay the costs of the lower court, and that the plaintiff pay the costs of the appeal.