## No. 9263.

·CITIZENS' BANK OF LOUISIANA VS. FRED. FREITAG—F. THOMAS AND PEOPLE'S BANK CALLED IN WARRANTY.

A purchaser at a judicial sale to foreclose a conventional mortgage, has a right to call the seizing creditor in warranty, to defend a suit, the object of which is to evict him.

·Such purchaser is entitled to restitution of the price paid, *first* from the seized debtor, and *next*, for deficiency, from the seizing creditor, where the sale is annulled.

·The seizing creditor, under article. C. P., 713. escapes liability if the purchaser is obliged to quit the property on the hypothecary action of a creditor having a legal or judicial mortgage on all the property of the party in execution, but he must be held where the action is on a conventional mortgage.

APPEAL from the Civil District Court for the Parish of Orleans *Rightor*, J.

*Miller & Finney* and *A. Pitot, Jr.* for the Citizens' Bank, Plaintiff and Appellee.

*Albert Voorhies* for F. Freitag, Defendant and Appellee.

*E. Howard McCaleb* for the People's Bank, Warrantor and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action by the Citizens' Bank to enforce payment of certain contributions and a mortgage in her favor, originally consented to secure the payment of thirty shares of her stock. The proceeding is *via ordinaria* and is directed against Freitag, as actual possessor, under an adjudication of the property sought to be subjected.

The defense denies liability, admits the adjudication, but charges its nullity. It avers payment to the plaintiff and to the seizing creditor, for which subrogation is prayed to the rights of the bank, and reimbursement is asked from the seized debtor and the seizing creditor, who are both called in warranty.

Thomas, the former, having been cited and failing to enter appearance, a default was taken, which joined issue as to him.

The People's Bank, the latter, (seizing creditor) excepted to the call, on the grounds of absence of privity and of no cause of action, pleading eventually the general issue and prescription.

The lower court gave judgment for the Citizens' Bank, but annulling the adjudication, The defendant was decreed entitled to recover the price and contributions from Thomas, and next, the price only, from the People's Bank for any deficiency, on a writ returned unsatisfied against Thomas; *provided*, the amount do not exceed $976. The judgment passed on other matters, which it is unnecessary presently to mention.

The People's Bank alone appeals and none of the appellees ask any amendment; so that the only question presented, is simply:

Whether the judgment is correct or not as concerns the People's Bank?

The facts established by the record are the following:

In 1843, Guex became a stockholder of the Citizens' Bank and consented a mortgage on his property, to secure the stock subscribed for. This property and the shares, together with the mortgage and the obligations consequent upon the issuing of a stock-loan note, passed after divers conveyances to F. Thomas.

In January, 1871, Thomas borrowed $1000 from the People's Bank and mortgaged the property to secure that loan.

In the following year, the debt having matured and remaining unpaid, the bank proceeded against Thomas. The property was seized and advertised, without mentioning the stock, the conditions being the assumption of the stock-loan note and payment of the balance in *cash*.

The property was adjudicated to Freitag for $1475, who, in settlement, assumed the stock-loan note, $420, and paid in cash $1055, which were applied to the payment of costs and taxes, netting $976, which were paid over to the People's Bank.

Since then Freitag has paid contributions to the Citizens' Bank, but in 1884, being considered in default for additional ones, amounting to $180, he was sued in the present proceeding by the bank, who prayed for judgment allowing that amount and recognizing her mortgage on the property as security for the thirty shares originally subscribed for, say $3000.

As was before said, Freitag answered alleging the nullity of the adjudication to him and praying for recovery of amounts disbursed by him. Thomas made no appearance and the People's Bank excepted,

pleaded general issue and prescription. The court rendered a judgment, of which no one complains save the People's Bank.

We deem it unnecessary specially to notice the exception of the People's Bank which does not appear to be insisted upon, no doubt because it presents no merits.

Under the averments of the answer and call in warranty, Freitag had a right to summon the People's Bank to defend the suit of the Citizens' Bank against him, on a mortgage affecting real estate which had been adjudicated to him at a judicial sale, provoked by the People's Bank, as a mortgage creditor of the defendant, Thomas, who was at the time its undisputed owner. The People's Bank is bound to warrant, to such purchaser, the possession and enjoyment of the property and in the event of his eviction, to return the price. Had Freitag failed to call the bank in warranty, he might have lost the redress allowed him by law. C. P. 714.

This is so apparent as a matter of law that the People's Bank strives to estop the defendant, on the ground that what he has alleged as causes susceptible of vitiating the adjudication, has not had that effect in consequence of the ratification of the transfer and of a waiver or abandonment of the objections.

In point, either of fact or of averment, the Citizens' Bank, in whose favor the nullities charged existed, namely, that the stock was not sold with the property and that the amount of adjudication did not cover the debt secured by anterior mortgage—has not ratified the adjudication.

If the bank has sued Freitag, and not Thomas, it is because of authority derived under section 24 of their charter, which provides, that "all property mortgaged to the said corporation, for any purpose, may be seized and sold at any time, according to law, in whosoever hands or possession the same may be, notwithstanding any alienation thereof or change of possession, by succession or descent to heirs, or legatees, by last will and testament, or otherwise, in the same manner as if the same was in the possession of the original mortgager.

Besides, the bank in her petition charges that Freitag is the actual possessor and asks that the mortgage be enforced against him as such, praying that he be cited in that capacity.

Receiving subsequently from him contributions called for, cannot be considered as, opposable to the bank, a ratification of the adjudication of the title to him. The property, as to the bank, might then well be considered as belonging to Thomas, while in the possession of Freitag,

as adjudicatee or otherwise, and it was optional with the bank to proceed against either, or even against both.

On the other hand, while it is true, that the sheriff's deed which Freitag accepted, states that the certificate of . mortgage against Thomas was read, containing mention of registry of Guex' mortgage to the Citizens' Bank, and incorporates the recited inscription and that Freitag may be considered as guilty of omissions and commisions, it does not follow that, as certain as his eviction is, in case of non-payment to the bank, he is not entitled to recover from the People's Bank the *price* which he paid to the sheriff and which went to that bank.

The law provides, as a rule, that the purchaser evicted from property purchased under execution, shall have his recourse for reimbursement against both the debtor and the creditor; but upon judgment obtained jointly for that purpose, the purchaser shall first take execution against the debtor, and upon the return thereof no property found, he shall then be at liberty to take out execution against the seizing creditor. R. C. C. 2621.

The code, as construed by this Court, goes so far as to extend protection to one who purchases, aware at the time of the sale, that the thing sold belonged to another, even where there is exclusion of warranty. While it refuses, by implication, *damages* in case of eviction, it recognizes the equitable right to recover the *price*, unless it was excluded by *formal* stipulation, or, the purchaser bought *expressly* at his peril and risk.

In order to escape liability to the purchaser for restitution of the price, the vendor should, as a rule, affirmatively establish actual knowledge by the former of the danger of eviction, either by direct proof or by implication from collateral facts so strong as to be equivalent to positive evidence. R. C. C. 2542, 2505, 1965; 3 Ann. 326; 16 Ann. 45; 17 Ann. 50; 5 R. 76; 5 Ann. 314; 34 Ann. 649; C. N. 1599, 1629, 1630; Duranton 16, § 362; Troplong Vo. 482.

Article, R. C. C., 2621, (2599) must be interpreted with articles 711 and 713, C. P., in which it is incorporated with a modification. Taken together as one provision of law on the subject, they announce the immunity of the seizing creditor from liability, as warrantor, *only* where the property belonged to a person other than the party in whose hands it was taken, and where the eviction is the result of an hypothecary action by a creditor who had a *legal* or *judicial* mortgage.

In the present controversy the property adjudicated, actually did belong to Thomas, the defendant, at the time it was adjudicated to Frei-

Succession of Stanbrough.

:tag; the mortgage asserted and enforced was neither *legal* nor *judicial*, but *conventional* and there is implied warranty.

On the plea of prescription, it suffices to say that. as the warrantor was called to defend the pending eviction, in the same proceeding, the time required to debar the action in warranty has hardly begun to run and that this defense is without foundation; prescription in such cases dates only from eviction.

After mature deliberation, we reach the conclusion that the appellant has no occasion to complain.

It is therefore ordered and decreed, that the judgment appealed from be affirmed with costs.

I concur in the decree. TODD, J.