(44 South. 887.)

No. 16,505.

HONOR et al. v. FELLMAN.

(Oct. 21, 1907. On Rehearing, Nov. 18, 1907.)

TAXATION—SALE—PAYMENT OF TAXES.

Where the tax debtor has always paid his taxes upon his entire property, a sale of the property under another assessment in the name of another person is an absolute nullity, and cannot serve as the basis for the constitutional prescription of three years. It makes no difference that the assessment in the record owner's name contained an error of description. Bernstine v. Leeper, 118 La. 1098, 43 South. 889, reaffirmed.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by John B. Honor and Edwin T. Merrick against Anna Fellman. Judgment for defendant, and plaintiffs appeal. Affirmed.

Merrick & Lewis, Philip Gensler, Jr., Ralph Jacob Schwarz, and Charles Louque, for appellants. Hall & Monroe, for appellee.

LAND, J. This is a petitory action, and plaintiffs must recover on the strength of their own title, and not on the weakness of that of the defendant in possession as owner.

Plaintiffs claim title to a certain square of ground in the city of New Orleans, known by the municipal No. 721, by virtue of a state tax sale made on July 9, 1889, for the taxes for the years 1884 to 1888, inclusive, under an assessment against "unknown owner." Plaintiffs also claim an additional title to the same square by virtue of a compromise of a lawsuit made with the succession and heirs of Samuel Powers in August, 1904.

Defendant is in possession and claims title to that portion of said square No. 721 included within the lines of the strip of ground known as "Lot No. 128 of Rickerville"; and her counsel contends (1) that the said tax sale of 1889 was an absolute nullity as to said lot No. 128, because the same had been regularly assessed to her and her author for the years 1884 to 1888, and all the taxes due hereon paid according to law; and (2) that the title acquired by plaintiff through the compromise of 1904 does not affect the land in controversy.

There can be no question that defendant and her authors have, from the year 1870 to the year 1904, inclusive, regularly paid state taxes on "square 128 (book 3) bounded by Breedlove street, extending to N. O. Canal 3,733 feet, measuring 155 feet 6 inches on canal." In all the muniments of defendant's chain of title it appears that the property is designated as "No. 128 of Rickerville," with a front of 376 feet 7 inches 4 lines on Breedlove street, extending to the New Orleans Canal 3,373 feet 11 inches, and measuring 155.6 inches on the canal. It is evident that the assessment was made with reference to the title and identified the property with reasonable certainty.

The assessment indicates a tract of land commencing at Breedlove street, and extending 3,373 feet to the New Orleans Canal, and measuring 155 feet on the canal. This tract is further indicated by the number "128," referring to some plat or plan connected with the title. The tract was assessed to the defendant and her author as record owners, as the law required, and all taxes levied thereon by the state were seasonably paid. Under such a state of facts errors or defects in the description made by the agents of the state can make no difference. See Bernstine

v. Leeper, 118 La. 1098, 43 South. 889, where the error was as to the range; also Booksh v. Lumber & Shingle Co., 115 La. 351, 39 South. 9, where a portion of the property was assessed in the wrong parish. The true question in such cases is whether as a matter of fact the taxes were paid to the state on the property assessed or intended to be assessed. The state cannot, after receiving payment of taxes on particular property, take advantage of the errors of her own officials and sell the same property under a duplicate assessment. Such a sale is an absolute nullity, and cannot serve as the basis for the constitutional prescription of three years. See cases cited supra.

2. Square 721, so called, embraces square 24 of Marley, a part of lot 128 of Rickerville, and a portion of the Nuns & Annunciation subdivision. If the plaintiffs acquired any new title to any part of square 721 by the compromise of the lawsuit with the succession and heirs of Samuel Powers, referred to in the petition, it was to square 24 of Marley. There is not even a suggestion in the record that Samuel Powers ever owned lot 128, or any part thereof. The correctness of the survey of the locus in quo by Waddill is sustained by a preponderance of the evidence.

It is therefore ordered that the judgment appealed from be affirmed, and that plaintiffs and appellants pay costs of the appeal.

### On Rehearing.

PER CURIAM. Defendant in her answer restricted her claim of possession and ownership to that portion of square No. 721 included within the lines of lot No. 128 of Rickerville. Defendant's answer is a practical disclaimer of possession and title to the remainder of said square. The extent of defendant's claim is shown by the survey of Waddill. Our judgment herein is not to be construed as affecting whatever title the plaintiffs may have to the remainder of the square, which really was not at issue under the pleadings.

With this reservation, the rehearing applied for is refused.