No. 3944

Second Circuit

---

## BERRY v. GARRETT

---

(December 23, 1930. Opinion and Decree.)
(January 27, 1931. Rehearing Granted.)

---

T. H. McGregor, of Rayville, attorney for plaintiff, appellee.

C. J. Ellis, of Rayville, attorney for defendant, appellant.

ODOM, J. On ·May 16, 1929, plaintiff purchased from defendant a certain lot of ground in Richland parish .described in the deed as follows:

"One-half acre (½) in the Northeast corner of the NE¼ of the NW¼, Section 35, Township 17 North, Range 9 East, bought at tax sale on September 5, 1927, from James Marshall as per deed recorded in Notarial Record Book 52, page 519."

The consideration expressed in the deed is $300, one-half cash and the balance represented by one note which plaintiff signed and delivered to defendant and which has not been ·paid.

Plaintiff alleged in his petition that since purchasing said property he has

learned that he acquired no valid title thereto, that the vendor, the defendant, had no title and therefore could convey none and that the lot which defendant purported to convey to him was at the time of the sale and at the time this suit was filed owned by J. M. Munholland, who was in corporeal possession of the same. Plaintiff prayed that the act of sale purporting to convey said lot to him be declared null, void and of no effect and for restitution of that portion of the price which he paid in cash and for cancellation or return to him of the note which he gave for the balance of the purchase price.

Defendant in answer admitted the transaction between him and plaintiff as alleged and set up the affirmative plea that he had acquired the property sold at tax sale on September 5, 1927, as per deed recorded September 19, 1927, in Notarial Record Book 52, page 519. He further denied that J. M. Munholland had any valid title to the said lot and further pleaded that if it be true as alleged that he had no valid title to the lot, plaintiff is not entitled to restitution of the purchase price for the reason that the sale was made without warranty and at the risk and peril of the purchaser. There was judgment in the district court for plaintiff as prayed for and defendant appealed.

## OPINION

The record shows beyond question that the defendant, William J. Garrett, had no valid title to the lot of ground which the deed from him to plaintiff purported to convey.

Both Munholland and Garrett trace their titles back to Nancy Darrington, who, on December 7, 1923, owned all of the NE¼ of the NW¼, section 35, township 17 north, range 9 east, except one lot sold off the same for school purposes and one lot sold to H. E. Baker as per records at Rayville, containing thirty-five and three-quarters acres, more or less. On that date she sold the above described property to A. B. Bates as per deed recorded December 29, 1923, in Notarial Record Book 42, page 211. The consideration expressed in the deed is $925, of which $275 was paid in cash, the balance to be paid in three installments represented by notes secured by vendor's lien and special mortgage on the whole of the land sold. These notes were never paid by Bates and in 1926 Nancy Darrington, the vendor of the land and holder of the notes, obtained judgment against Bates for the amount due with interest, costs and attorney fees, with recognition of her vendor's lien and special mortgage on the land sold. The land was seized, advertised and sold by the sheriff under this judgment and J. M. Munholland became the purchaser on February 21, 1927, as per deed recorded in Notarial Book 51, page 10, of the records of Richland parish. Munholland went into immediate possession of the property and was in possession of it at the time this suit was filed and on the date of the trial. The proceedings under which he acquired the property seem to be regular and are not attacked. Referring now to the lot involved in this suit sold by defendant to plaintiff, we find that it is part of the Nancy Darrington tract sold by her to Bates and by Bates through foreclosure proceedings to Munholland.

Counsel for appellant says in brief that the record does not establish that this lot is part of the Nancy Darrington tract, but we find that it does. The lot was sold

by A. B. Bates to James Marshall on December 29, 1923, a few days after he acquired the tract from Nancy Darrington and the deed recites that it was "acquired by said vendor by purchase from Nancy Darrington."

The same lot was sold by the tax collector as the property of James Marshall to W. J. Garrett, this defendant, for the taxes of 1926 due by the said Marshall as per deed dated September 5, 1927, and recorded September 19 in Conveyance Record Book 52, page 519. Garrett in turn sold to plaintiff on May 16, 1929, the deed reciting that it was "bought at tax sale on September 5, 1927, from James Marshall as per deed recorded in Notarial Book 52, page 519."

Defendant had no title to the lot conveyed except that which he obtained at tax sale and if the tax sale was invalid, he acquired no title and, of course, conveyed none to the plaintiff.

The record shows that there was a dual assessment of this lot in the year 1926. The lot itself seems to have been assessed for that year to James Marshall. The Nancy Darrington tract which, as we have already said, included this lot, was assessed to A. B. Bates the same year and Munholland paid the taxes on the entire tract when he purchased it on February 21, 1927. That was nearly seven months before the lot was sold to this defendant for taxes due by James Marshall. The taxes assessed to James Marshall were not paid prior to the tax sale, but as stated, the lot standing in his name and assessed to him was part of the larger tract assessed to Bates on which all taxes were paid prior to this tax sale, therefore no taxes were due the state or parish on the lot involved at the time it was sold and it follows that the tax sale was null and void.

Kellogg v. McFatter, 111 La. 1037, 36 So. 112; Honor v. Fellman, 119 La. 1061, 44 So. 887; Charbonnet v. State Realty Co., 155 La. 1044, 99 So. 865; Pratt v. Dalgarn, 166 La. 35, 116 So. 585.

Defendant's last contention is that even if it be true that he had no valid title to the lot and conveyed none to plaintiff he is not bound to restore the purchase price for the reason that the property was sold without warranty. But a vendor of real estate must return the purchase price in case of eviction even though the property is sold without warranty. Article 2505 of the Civil Code reads as follows:

"Even in case of stipulation of no warranty, the seller, in case of eviction, is liable to a restitution of the price, unless the buyer was aware, at the time of the sale, of the danger of the eviction, and purchased at his peril and risk."

But counsel argues that the buyer in this case "was aware, at the time of the sale, of the danger of eviction, and purchased at his peril and risk." But there is nothing in the deed itself nor in the oral testimony to show that. The deed recites that the lot was sold under full warranty of title, but preceding the description of the lot there are written these words, "all of the said William J. Garrett's interest in and to" the said lot.

It is contended that the purpose of inserting that clause was to show that the sale was made without warranty and that the printed portion of the deed which recites that the property was sold "with full and complete warranty and guaranty of title" should have been stricken therefrom. Mr. Wollank, the notary who wrote the deed and before whom it was passed,

says that the warranty should have been stricken from the instrument as the sale was intended to be one without warranty. Upon the suggestion of counsel that the deed was ambiguous as to this particular point the court heard oral testimony to explain the intent of the parties as to warranty. The testimony of Mr. Garrett shows that he did not intend to warrant the title. But even so he must restore the price he received "unless the buyer was aware at the time of the sale of the danger of eviction and purchased at his peril and risk."

The oral testimony does not warrant the holding that the buyer, a colored man, was aware of the danger of eviction at the time he purchased. He at first insisted on a deed with warranty but was told by Mr. Garrett that he would get such title as he, Garrett, had. Plaintiff testified:

"I always knew that when property was sold at sheriff's sale it was sold safe and that is the reason that I thought it was good, and I made a jump at it."

He had no actual knowledge of the infirmities in defendant's title, although he knew that vendor was not warranting it. On the contrary, he thought the title was good because it was sold at sheriff's sale.

It is settled jurisprudence that even though the seller stipulates that the sale is made without warranty the purchaser may, if evicted, recover the price paid with interest from the date of eviction unless he had knowledge of the danger of eviction and assumed the risk.

Sewall v. Roach, 5 La. Ann. 683; Hall v. Nevill, 3 La. Ann. 326; Bach v. Syndic of Miller, 16 La. Ann. 44; New Orleans & C. R. Co. v. Jourdain's Heirs, 34 La. Ann. 648; Citizen's Bank of La. v. Freitag, 37 La. Ann. 271.

Finding no error in the judgment appealed from we affirm it with all costs.

---

ON REHEARING

WEBB, J. Defendant, Garrett, under a deed of date May 16, 1929, sold to plaintiff, Berry, certain real estate situated in the parish of Richland, the property being described as "all of the said William J. Garrett interest in and to one-half acre in the northeast corner of the NE¼ of NW¼, section 35, township 17 north, range 9 east, bought at tax sale on September 5th, 1929, from James Marshall, as per deed recorded in Notarial Record Book 52, page 519."

Plaintiff brought the present suit to rescind the sale, and to obtain restitution of the purchase price; and in support of the right to recover, plaintiff alleges that defendant did not have any title to the property and that John M. Munholland was in possession of the property under a valid title. In answer to the suit, defendant alleged that he had acquired a valid title to the property under the tax sale from James Marshall, and that Munholland did not have any title thereto; and defendant further alleged that plaintiff had purchased the property at his risk and peril, and that he, defendant, was not in any event liable to restore the purchase price. On trial judgment was rendered in favor of plaintiff ordering defendant to restore the purchase price, and defendant appeals.

The appeal was originally presented here and a decision rendered affirming the judgment on December 23, 1930 (see Ber-

ry v. Garrett, 131 So. 475), in which we found that there had been a dual assessment of the property described and that taxes had been paid at the time of the tax sale to Garrett. On application for a rehearing, both parties stated that the taxes had not been paid, and the appeal is now presented on rehearing on the original briefs filed, in which the parties confine their discussion, first, to the validity of the tax sale, under which Garrett acquired the property, and second, in event the tax sale was invalid, to the liability of defendant to restore the purchase price.

Relative to the validity of the tax sale, the record shows that the sale and deed to Garrett were made on September 5, 1927, under an assessment against the property for the year 1926, in the name of James Marshall, who acquired the property under deed of date January 2, 1924, from A. B. Bates, who acquired the NE¼ of NW¼, section 35 (which included the property sold by him to Marshall), under deed of date December 17, 1923, from Nancy Darrington, who retained a vendor's lien and mortgage on the property sold to secure the payment of notes given by Bates for the purchase price; and Nancy Darrington proceeded against the property under the mortgage and vendor's lien, and the entire NE¼ of NW¼ of section 35 was sold under such proceeding to John M. Munholland, who recorded his deed on April 5, 1927, and entered in possession of the property.

While there cannot be any doubt that the property sold by Garrett to plaintiff was properly assessed for the year 1926, in the name of James Marshall, who was the owner of record at that time, it is clear that the title of Marshall was divest-

ed by the sale made under the foreclosure proceedings referred to above, and that John M. Munholland was the record owner of the property at the time of the tax sale, and the evidence showing that Munholland, who was in possession of the property sold at tax sale, did not have knowledge that the taxes assessed against same had not been paid, and that he was not given notice of the non-payment of the taxes prior to the sale, we are of the opinion the tax sale was void for want of notice and did not divest Munholland of his title to the property (Ryals v. Todd et al., 165 La. 752, 116 So. 395; also Kivlen v. Horvath, 163 La. 901, 113 So. 140).

Considering the liability of defendant to restore the purchase price on the grounds that plaintiff purchased at his risk and peril within the meaning of article 2305, Civil Code, there is not anything on the face of the deed indicating that the parties understood that the sale was made at the risk and peril of the vendee, but on the other hand, the contract contained an express stipulation of warranty. However, even though there had been an express stipulation that the sale was made without warranty, defendant would not be relieved of restoring the purchase price in the absence of a stipulation to that effect, or at least proof that plaintiff knew or was informed by defendant of the defects in the latter's title. And the record failing to show that plaintiff knew of any defect in the title, defendant was bound to account to plaintiff for the purchase price (N. O. & Carrollton Railroad Co. v. Jourdain, 34 La. Ann. 648, and authorities cited).

The judgment appealed from is therefore affirmed at appellant's cost.

McGREGOR, J., recused.