No. 1803.—L. LEVERING & Co. *v.* D. A. CLARK et al.—HAMILTON & DUNNICA, Intervenors.

A consignee of cotton is bound to comply with the conditions imposed upon him by the principal in relation to the appropriation of the proceeds, and the acceptance of a draft drawn by the owner of the cotton gives the factor a preference over the proceeds to that extent.

APPEAL from Third District Court of New Orleans. *Emerson,* J. *Miles Taylor,* J. *McConnell* and *E. W. Huntington,* for appellees. *Race, Foster & E. T. Merrick,* for intervenors and appellants.

HOWELL, J. On the seventeenth April, 1866, Clark, at St. Louis, shipped thirty-six bales of cotton to Hamilton & Dunnica, factors in New Orleans, and drew on them his bill of exchange, at one day's sight, for $4800, which was negotiated at St. Louis and sent forward attached to the bills of lading to Smith, Newman & Co., bankers in this city, who presented it to the drawees, and upon their acceptance thereof the bills of lading were delivered to them.

Plaintiffs having sold to Clark ten of the said thirty-six bales for cash, and not having received the price, sequestered the same, on the allegations that they had never legally parted with the ownership and

possession thereof, and Clark had obtained possession by fraud, and. they claim the cotton or its value as owners.

Hamilton & Dunnica, who, by agreement, sold the cotton and held the proceeds, paid the draft at maturity, and intervened, claiming the amount thereof and the costs and charges, which, together, exceed the proceeds, with privilege.

The district court allowed plaintiffs the net proceeds of ten bales, $1529 13, and gave the intervenors the balance, dismissing the demands of other parties whose suits had been cumulated with this.

From this judgment the intervenors, Hamilton & Dunnica, appealed.

The evidence shows that the cotton was regularly sold to Clark, weighed and delivered according to the custom at St. Louis, by which purchasers of cotton for cash receive delivery and are entitled to two or three days before bills are presented for payment. There is no proof of any fraud upon the part of Clark, as charged, in getting possession of and shipping the cotton. The bills of lading came into the possession of intervenors and the draft was accepted by them before the cotton was sequestered here. Under this state of facts they are protected, and must recover the advances made by them. Clark, the consignor to the intervenors, his consignees, was legally the owner of the cotton, having acquired by regular purchase and delivery, and he had the right to direct the appropriation of the proceeds of his property, which he did by means of the draft drawn, against the consignment and attached to the bill of lading. 2 An. 572; 10 An. 782.

It is therefore ordered that the judgment of the court a qua be so amended as to direct the payment of the proceeds of the cotton in the hands of intervenors to their claim in preference to that of plaintiffs, and as thus amended, it be affirmed; plaintiffs to pay costs of appeal.