The opinion of the court was delivered by.
McEnery, J.
The plaintiff alleges that she is the owner of certain immovable property described in her petition; that the same was sold by the tax collector, under Act 82 of 1884, for the unpaid taxes of 1876; that one J. H. Griffiths purchased the same in 1894, by virtue of said tax sale, and that he sold t.he property to the defendant company, which instituted proceedings for the purpose of obtaining possession of said property. She prays for an injunction restraining the defendant company from disturbing her lawful possession, and the annulment of the tax sale, and an order to erase the same from the records.
There was judgment for the plaintiff as prayed for.
The tax sale was based on the assumed fact that the taxes of 1876, due the State, had never been paid, and that the property had been returned, as delinquent, to the mortgage office.
*1189 The property was returned as delinquent to the mortgage office, but the fact is that the property was not delinquent, and the taxes for 1876 had been paid. A certificate from the tax collector shows that the property was not delinquent, and the tax rolls show that the property was assessed in 1876 to the Oanal Bank and the taxes paid.
There was no basis for the tax sale, and it is therefore null and void.
The Canal Bank sold the property, in 1876, to Duncan F. Kenner. It is immaterial whether he or the bank paid the taxes. They were paid, and this was sufficient to stop all proceedings against the property, thereafter instituted, to enforce the payment of taxes.
The return of the property to the' mortgage office as delinquent, was an error and an inexcusable one, and the tax rolls show that the taxes had been paid.
No title was vested in Griffiths by the tax sale, and he could transfer none to the defendant company.
Judgment affirmed.