BREAUX, C. J.
Plaintiff brought this action, averring that it is the record owner of lots 76 to 84, inclusive, in T. 7, S., R. 8 E., S. W. land district. Plaintiff does not specially allege title, and only alleges that it is the owner by recorded title. Who its vendee was is not disclosed.
Plaintiff's complaint is that defendants have entered and trespassed upon its land by taking cypress trees which plaintiff had deadened, and that defendants had also deadened and cut down other trees on the land with the intention of removing them.
*169 Plaintiff asks for both to issue — a writ of injunction and a writ of sequestration.
The required oath having been taken and bonds furnished, injunction and sequestration were issued.
The defendants were enjoined from cutting other timber on the land, and 176 saw logs in defendants’ possession were sequestered.
Respondent Norgress denied the allegations of plaintiff’s petition, and averred, further, that he is the owner and proprietor of different tracts of swamp land in the parish of St. Martin, in which the said lots of land are situated, not distant, as he avers, from the alleged tracts claimed by plaintiff, of which several tracts of land he has been in uninterrupted possession for many years, and that, if he cuts any trees, or removed or hauled away any from lands in that parish, it is from his own lands.
Hooper, the other defendant, filed a general denial.
It is made to appear as a fact in this case that defendants were in possession of the property and had been for a number of years; nearly, if not quite, 10 years.
To prove his right of possession, defendant Norgress introduced in evidence a copy of his title, to the admission of which we have found no objection in the record. It is now before us, and shows that years ago defendant had record title to the property. The evidence shows possession since.
It is true that some time after he had purchased the land it was sold at tax sale to the state, and that by the state it was adjudicated to the plaintiff; but it does not appear that the plaintiff ever took formal possession of the land, or that it ousted the defendant Norgress from his public and well-known possession.
The land being cypress swamp, possession is not always susceptible of easy proof; yet it appears beyond question that the defendant has worked in those swamps, cut down trees thereon, and removed them, and has been in continuous possession a number of years.
While plaintiff, on the other hand, had, through its agents or assigns, gone into possession of a fractional portion, it does not seem to have been as public and continuous. It cannot be held to have dispossessed the defendant’s ancient possession, as its, plaintiff’s, asserted possession was not adverse ■to that of defendant.
As plaintiff has not shown that it was in possession of these lots adversely to the possession of defendants, and as it abundantly appears that defendants’ possession in every way prevailed, plaintiff must be relegated to a direct action to be placed in possession. As plaintiff is not in possession, it cannot maintain an action of trespass against one who has been in possession for so many years.
The judgment of the district court rejects plaintiff’s demand in toto. We shall have to change that judgment by making it one of dismissal, instead of rejection of plaintiff’s demand, and reserve plaintiff’s right, if any it has, to damages.
It is therefore ordered, adjudged, and decreed that the suit is dismissed as in case of nonsuit. The writ of injunction and the writ of sequestration are dissolved. Costs of lower court to be paid by plaintiff; costs of appeal by appellees.