Statement of the Case.
MONROE, J.
Plaintiff alleges that it has been in actual and continuous possession since its purchase of a tract of land described as E. y2 of N. W. 14 of section 28, in township 11 S., range 9 E., in the parish of St. Martin. It then sets out its title, and, after alleging slander thereof by defendant, and trespass, consisting of the cutting and removal of timber, it prays for an injunction recognizing its said title and possession, and for judgment awarding it damages. And a preliminary injunction was issued, restraining defendant from further asserting title and from interfering with the timber. Defendant denies the validity of the title so set up, denies the alleged possession, asserts title in himself, and actual and continuous possession since July 5, 190C, and prays for judgment “quieting defendant in the possession of his property,” and condemning plaintiff to pay $500 as “actual and exemplary damages,” and $200 as attorney’s fees. About 18 months later plaintiff pleaded the prescription of 10 and 13 years against the title set up by defendant.
The entire, fractional, quarter section (the E. y2 of which is in dispute) was acquired from the state by Dolze Bodin in 1855. In 18S3 he sold an undivided one-third interest therein to Robert J. Kelso and St. Paul Bourgeois. In 1884: Kelso sold his interest to Bourgeois. In 1888 the entire quarter section was assessed to both Kelso & Bourgeois and St. Paul Bourgeois; On January 18, 1889, St. Paul Bourgeois paid the taxes so assessed, and on July 5, 1908, he sold, without warranty or recourse, any right or interest that he might have in said quarter section to defendant.
In the meanwhile, and notwithstanding the payment thereof by Bourgeois, said quarter section was adjudicated on April 20, 1889, to the state, for the tax of 1888, assessed in the name of Kelso & Bourgeois. On June 6, 1895, the state conveyed it to the Atchafalaya Basin levee board, and on May 23, 1900, the state and levee board, by separate instruments, conveyed it to plaintiff.
In 1903 plaintiff sent a man on the property who made some effort to trace the lines around the N. E. % and the E. y2 of the N. W. % of the section, and he testifies that he cut the letter “H” on trees at the respective corners; and nothing more was done by plaintiff in the way of taking possession— certainly not until 1909. On the other hand, within a week after his purchase (on July 5, 1906), defendant went on the land and blazed the lines, and a few weeks later began to deaden timber, and from that time until the issuance of the injunction in March, 1909, he was almost continuously at work, either deadening or cutting and removing timber. There was judgment in the district court reading:
“For defendant, decreeing him the lawful owner of the property and dissolving the writ of injunction, without damages. Plaintiff’s action is therefore rejected and dismissed, at its cost.”
And, plaintiff having appealed, defendant has answered praying that said judgment—
“be amended so as to decree the dissolution of the injunction, * * * with $500 damages and $200 attorney’s fees for the dissolution of the said injunction.”
Opinion.
[1, 2] The adjudication of the property to the state for taxes which had been paid was *691 void: and, as the state had neither title nor possession, it could convey neither. Brown v. Ponchartrain Land Co., 48 La. Ann. 1188, 20 South. 711; Kellogg v. McFatter, 111 La. 1037, 36 South. 112; Booksh v. Wilbert & Co., 115 La. 351, 39 South. 9; Bernstein v. Leeper, 118 La. 1098, 43 South. 889; Honor et al. v. Fellman, 119 La. 1061, 44 South. 887; Treilieu Cypress Co. v. Albert Hanson Lumber Co., 121 La. 700, 46 South. 699. Plaintiff, being without title and not having been in actual possession, under a claim of title, for one year prior to the institution of this suit, has no standing to claim damages for slander of title or for trespass upon the property. South Louisiana Land Co. v. Riggs Cypress Co., 119 La. 194, 43 South. 1003; South La. Land v. Norgress et al., 120 La. 168, 45 South. 49; Matthews v. Slattery, 126 La. 120, 52 South. 238; Albert Hanson Lumber Co. v. Baldwin Lumber Co., 126 La. 347, 52 South. 537.
The prescription of 10 years, pleaded by plaintiff, lacks the required basis of continuous and uninterrupted, peaceable, public, and unequivocal possession (C. C. art. 3487); and, as this suit was begun within 10 years from the recording of plaintiff’s title, the prescription of 13 years under Act No. 185 of 1904 is equally inefficacious.
[3] As the judgment appealed from decrees the dissolution of the injunction, it requires no amendment in that respect. In so far as it decrees defendant to be the lawful owner of the property in controversy, it must be amended, first, because it is ultra petitionem; and, second, because, from the evidence, it appears that defendant is owner of but an undivided one-third interest in said property.
[4] The fees of attorneys may be allowed as damages when paid or incurred for services rendered in obtaining the dissolution of the writ of injunction or any other conservatory writ (Act No. 50 of 1886; Aiken v. Leathers, 40 La. Ann. 23, 3 South. 357; Townsend v. Sheriff, 42 La. Ann. 890, 8 South. 616; Armistead v. Ardis & Co., 48 La. Ann. 320, 19 South. 278), but they are not allowed for services in defending, upon its merits, a suit in which a writ may have been wrongfully issued, if the dissolution of such writ results merely from the defense and trial, on the merits, and no effort to obtain such dissolution otherwise is shown to have been made, which is the case here presented. McDaniel & Co. v. Gardner & Co., 34 La. Ann. 344; Lemeunier v. McClearley, 41 La. Ann. 412, 6 South. 338; American Hoist & Derrick Co. v. Frey, 127 La. 189, 53 South. 486.
[5] As to the other damages claimed, it has been said by this court:
“It is well settled that the dissolution of an injunction is prima facie evidence that the defendant has sustained damages,” etc. 41 La. Ann. 412, 6 South. 338, supra.
And we think the evidence adduced shows that the defendant in this case has sustained damage to the extent of $50.
It is therefore adjudged and decreed that the judgment appealed from be amended by striking out that part of it which decrees defendant to be “the true and lawful owner of the property,” and, instead, quieting him in the possession of the property in dispute; and by striking out that part of it which rejects defendant’s claim for damages, and, instead, awarding him as damages the sum of $50. It is further decreed that in all other respects said judgment be affirmed, plaintiff to pay the costs of the appeal.