His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
Defendant went upon land belonging to plaintiff with permission from plaintiff to occupy the land as long as he pleased; and without objection from plaintiff, he erected thereon, at his own expense, such improvements as ihe saw fit.
Thereafter plaintiff sought to re-enter the land, but defendant sued out an injunction; which injunction was eventually dissolved after a trial on the merits.
Plaintiff now claims attorney’s fees for dissolving said injunction, and compensation for the use of the land during the pendency of .the injunction. Defendant claims in reconvention the value of his improvements.
,i.
As defendant was a mere licensee or “tenant at will” •his refusal to surrender the premises on demand made him a trespasser thence forward; and accordingly he owes compensation for the use of the land from that time •on. Plaintiff claimed and the trial Judge allowed $20; and this appears to us a proper compensation.
*218 Opinion and decree March 13th, 1916.
II.
Since the injunction was not dissolved on motion or rule but only after hearing on the merits, no attorney’s fees can be recovered. This 'Court has so decided with reference to attachments, (Peters vs. Randall, 9 Ct. App., 355; Kentucky Refining Co. vs. Lancaster Oil Co., 2 Ct. App., 168), and we cannot in this connection distinguish between one conservatory writ and another.
See also Lee Lumber Co. vs. Hotard, 122 La., 850; Hansen Lumber Co. vs. Westayer, 130 La., 688.
III.
Defendant is not entitled to the value of his improvements. He is not a “possessor in good faith,’’ for the sole reason that he is not a possessor at all. For those only are possessors who hold for themselves believing themselves owners. C. C., 3441. The term “possessor in good faith” is purely technical, and has no application to one who acknowledges another owner than himself. (C. C., 3441).
And none but possessors in good faith, in this technical sense, can compel the owner to reimburse the value of improvements placed upon the land. C. C., 508.
It is therefore ordered that the judgment appealed from be amended by reducing the amount allowed plaintiff from ninety-five dollars ($95.00) to twenty dollars .($20), and as thus amended, it is affirmed; plaintiff to pay costs of appeal and defendant the costs of the Court below.
Opinion and decree, April 10th, 1916.
Per Curiam.
There is no occasion for any reservation of rights herein. They are regulated by C.' C., 508. Alexius must elect whether he will keep the improvements or have them removed. If he elects to keep them he must pay their value .as the laws requires.
Rehearing refused.