OVERTON, J.
This suit grows out of the suit of Adrien B. Fontenot et al., No. 25664, 157 La. -, 102 South. -, this day decided.'
The plaintiffs in suit No. 25664, who are the defendants in the present suit, recovered judgment in the lower court against Alcibiades B. Fontenot, the plaintiff herein, and others, recognizing them as the owners of a two-thirds undivided interest in the land, forming the basis of the present controversy’, and also judgment for a large amount as rent for the property recovered. Aleibiades B. Fontenot and his codefendants in that suit did not appeal suspensively from the judgment rendered agaiist them, but only devolutively. As a suspensive appeal was not taken, the defendants herein, in whose favor the judgment was rendered, caused execution to issue from that part of the judgment rendered for rent, and seized as the property of Aleibiades B. Fontenot and his eodefendants in that suit the remaining undivided one-third interest in the land mentioned above, and purchased that interest at the sheriff’s sale which followed.
At the time suit No. 25664, was instituted the defendants therein, among whom was the present plaintiff, had commenced proceedings to partition the property in which the plaintiffs, in suit No. 25664, were claiming a two-thirds undivided interest. Those proceedings culminated in a judgment to sell the property to effect a partition, and Aleibiades B. Fontenot, the present plaintiff, became the purchaser of a part of the property offered at the partition sale. This sale was made prior to the rendition of judgment in suit No. 25664.
After the plaintiffs in suit No. 25664 had purchased the undivided one-third interest of Aleibiades B. Fontenot and of his co-owners in the land in controversy, the sheriff, acting under a writ placed in his hands for that purpose, undertook to place them in possession of that interest, and Aleibiades B. Fontenot, the plaintiff in the present suit, sued out a writ of injunction to prohibit the plaintiffs in execution from dispossessing him of that part of said one-third interest included in the property purchased by him at the partition sale. The sole ground for the injunction is that the plaintiff herein had purchased that interest at the partition sale. No motion to dissolve the writ was filed, but the defendants therein filed an answer, in which they pray for the dissolution of the injunction and for $50 damages as attorneys’ fees, alleged by them to be due for the illegal issuance of the writ.
The court below, after a trial on the merits, dissolved the injunction, and allowed plaintiff $25 damages, which, we take it, are for attorneys’ fees, as no other damages are sued for. The plaintiff in injunction has appealed.
Opinion.
As no suspensive appeal was taken in suit No. 25064, but only a devolutive one, the judgment rendered therein was subject to execution. Hence the plaintiffs in that suit had the right to execute that part of the judgment rendered therein for rent. The judgment executed was one against plaintiff herein. Hence merely because plaintiff, *848 in this case, had acquired a part of that interest at the partition sale did not prevent the defendants herein from seizing that part as his property, had they eared to so proceed, for, if effect he given to the partition sale, the interest purchased by plaintiff herein became- his property, and was subject to seizure in satisfaction of the judgment against him. However, it does not appear that the partition sale was ever recorded in the conveyance records or filed for inscription therein. Hence the defendants herein had the right, which they exercised, to ignore that sale, and seize the interest of plaintiff herein and his co-owners in the entire tract in controversy, as if no partition sale had ever taken place.
Eor the foregoing reasons, we think it clear that the record does not establish that plaintiff was entitled to the writ of injunction on the ground alleged, at the time the writ was issued. The fact that we have this day reversed the judgment from which execution issued, and under which the one-third interest was seized and sold, of course, can have no possible effect upon the issue here presented. The effect of that reversal is not before us.
For the foregoing reasons, the judgment of the lower court will be affirmed in so far as it dissolves the injunction. However, as we have observed, the court below allowed plaintiff $25 attorneys’ fees for dissolving the injunction. This was error. No motion to dissolve the writ was filed, and the injunction was dissolved on ■ the trial of the merits. It is well established that, when an injunction is dissolved on the trial of the merits, no attorneys’ fees will be" allowed as damages.
For the reasons assigned, the judgment appealed from is amended by rejecting the damages allowed, and in all other respects it is affirmed, defendants to pay the costs of this appeal.