No. 2877

Second Circuit

---

LOUISIANA  FARM  BUREAU  COTTON  GROWERS  CO-OPERATIVE  ASSN.

v. MARTIN

---

(June 28, 1927.  Opinion and Decree.)
(July 25, 1927.  Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Par. 35; Damages—Par. 53.**

Attorney's fees for the dissolution of writ of sequestration are fixed upon value

of services rendered on trial of motion to dissolve, and when dissolution is on the merits it is impossible to distinguish between services rendered in defense of suit and for dissolution of writ. In such cases attorney's fees are not allowed.

2. **Louisiana Digest—Sequestration — Par. 31, 35; Damages—Par. 53.**

Damages for loss in attending court, expense in bonding the writs, attorney's fees and such services, and time lost by defendant in attending to such matters where dissolution of writ of sequestration is on the merits are too uncertain and vague to serve as basis for judgment.

3. **Louisiana Digest—Damages—Par. 92.**

Where evidence does not show what was grade or value of cotton on date of sequestration and on the date the writs were bonded, the evidence is too uncertain to fix the loss and, therefore, reconventional demand is dismissed as of non-suit.

Appeal from the Eighth Judicial District Court of Louisiana, Parish of Winn. Hon. F. E. Jones, Judge.

Action by Louisiana Farm Bureau Cotton Growers Co-operative Association against Joe Martin.

There was judgment for defendant and plaintiff appealed.

Judgment amended and affirmed.

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for plaintiff, appellant.

Moss & Moss, of Winnfield, attorneys for defendant, appellee.

WEBB, J. The plaintiff, Louisiana Farm Bureau Cotton Growers Co-operative Association, brought suit to en-

force a marketing agreement made by the association with one of its alleged members, Joe Martin, defendant, and in order to conserve its rights during the pendency of the action, it obtained an injunction against defendant, prohibiting him from disposing of certain crops, and a writ of sequestration under which the crops were seized.

Defendant moved to dissolve the writ of sequestration, the motion being based on the pleadings, and on same being overruled defendant obtained the dissolution of the writ of sequestration and injunction on bond, and following he filed an answer in which he denied the allegations of plaintiff's petition and set up various defenses, and reconvened for damages alleged to have been sustained by him through the wrongful issuance of the writs of injunction and sequestration.

On trial judgment was rendered rejecting plaintiff's demands, dissolving the writs, and awarding defendant judgment in the sum of five hundred dollars damages, and plaintiff appealed.

## OPINION

The parties have conceded that the judgment, insofar as it rejected plaintiff's demands, was correct, and the only question presented to this court relates to the reconventional demand.

The writs were issued on October 4th and bonded on November 6th, 1925, and defendant, in his reconventional demand, claimed three hundred and fifty dollars attorney's fees, one hundred dollars for attending court and incidental expenses, and five hundred and fifty dollars for loss in the price of the cotton, and the judgment allowed defendant five hundred dollars

without specifying as to the items on which the allowance was made.

Defendant concedes that ordinarily damages such as attorney's fees will not be allowed for the dissolution of conservatory writs where the dissolution is made on the merits, and that where damages, such as expense of attending court and loss of time, result from the issuance of such writs it is essential that the evidence should clearly distinguish same from the expense and time lost in attending court on the trial on the merits; but it is contended that in the present instance, the writs having been bonded and the evidence showing the agreement as to attorney's fees, and defendant having testified that he lost some time in attending court by reason of the issuance of the writs, the amounts should be allowed although the writs were dissolved on the trial on the merits.

Attorney's fees when allowed on the dissolution of conservatory writs are fixed upon the value of the services rendered on the trial of the motion to dissolve, and when the dissolution is on the merits it is impossible to distinguish between the services rendered in defense of the suit and for dissolution of the writ, and in such instances the jurisprudence is well settled that attorney's fees will not be allowed.

Caillout, et al., vs. Coguenhem, 111 La. 60, 35 South. 529.

Lee Lumber Co. vs. Hotard, 122 La. 850, 48 South. 286.

Hanson Lumber Co. vs. Mestayer, 130 La. 688, 58 South. 511.

Kavanaugh vs. Frost-Johnson Lumber Co., 149 La. 972, 90 South. 273.

Three Rivers Oil Co. vs. Laurence, 153 La. 224, 95 South. 652.

In re: Morgan Co., 155 La. 915, 99 South. 696.

Fontenot vs. Fontenot, 156 La. 844, 101 South. 218.

Witbeck vs. Rea, 158 La. 1003, 105 South. 43.

Fabacher vs. Ruprich, 160 La. 433, 107 South. 295.

And, for the same reason, damages for loss in attending court, where the dissolution is on the merits, cannot be allowed, and if there could be any claim for damages for expense in bonding the writs, the evidence as to the attorney's fees for such service and time lost by defendant in attending to such matters is too uncertain and vague to serve as the basis of a judgment.

As to the claim for damages for loss by reason of the decline in the price of cotton during the time prior to the writs being bonded, the evidence shows that the crops had been cultivated by two persons who had rented the lands on which the cotton was raised from defendant, and had agreed to give defendant one-half of the proceeds from the sale of the cotton as rent, and it further appears that at the date of the seizure, October 4th, 1925, there were thirteen bales ready for market, and of the balance of twelve bales some had been picked and some was in the field, and the evidence as to the value of the cotton at that time is the statement of one of the witnesses that he had been offered twenty-two and one-half cents per pound at that time for his crop.

The evidence also showed that there were twenty-five bales gathered which

was on hand at the date of the trial, and it was stated that the average weight of the cotton was four hundred and fifty pounds per bale, and there was evidence offered showing the market value of certain grades of cotton on or about November 6th, 1925, the date the writs were bonded; but the evidence does not indicate whether the crop was ready to be marketed at that time.

There is always some speculation in fixing damages, and while one cannot be required to fix the amount with mathematical certainty, the present case is one in which the grades of the cotton could have been ascertained and the market value fixed on the date of the seizure, and on the date the writs were bonded, which would have fixed the decline in price and enabled the court to determine the loss, conceding that the crops were ready to be marketed in the meantime. (Walker vs. Miltenberger, 22 La. Ann. 376.)

At least without such evidence we do not find it possible to have fixed the damages sustained or the decline in the price of the cotton, and we are of the opinion that defendant's reconventional demand should have been dismissed as of non-suit.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended as to the reconventional demand, and that defendant's reconventional demand be dismissed as of non-suit, and as thus amended the judgment appealed from is affirmed.