No. 3195

Second Circuit

JACKSON v. DIXON

(June 28, 1928. Opinion and Decree.)
(July 14, 1928. Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Evidence—Par. 342, 349, 352.**
Evidence of two witnesses not sufficient to show that plaintiff in former suit had sworn falsely where circumstances show witnesses merely testified as to their conclusions from their understanding of the issues.

2. **Louisiana Digest—Injunction—Par. 97.**
Where injunction is dissolved no attorney's fees will be allowed if there was no motion to dissolve filed.

Appeal from the Fourth Judicial District Court, Parish of Ouachita. Hon. J. T. Shell, Judge.

Action by Aaron Jackson against Mike Dixon.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Robert H. Hope, of Monroe, attorney for plaintiff, appellant.

Dawkins and Dawkins, of Monroe, attorneys for defendant, appellee.

WEBB, J. The plaintiff, Aaron Jackson, brought this action to annul a judgment which the defendant, Mike Dixon, had obtained against him, and obtained an injunction restraining the sale of property seized on execution under the judgment, and the plaintiff appeals from a judgment rejecting his demands and dissolving the injunction with statutory damages and attorney's fees.

The action in which the judgment attacked was rendered appears to have been based upon a claim for services of Dixon in caring for stock on a plantation leased by Jackson from J. D. McGee in which it appeared that Dixon, who was a cropper or laborer, had formerly rendered like services for McGee and had a contract with McGee to continue such services which was in existence at the time of the lease to Jackson, and the case turned upon whether or not Jackson had taken over the contract with Dixon, and the evidence of-

fered by plaintiff to impeach the judgment was the testimony of three women living on the plantation or neighboring property who appear to have anticipated presents from Dixon when he collected the judgment, and of admissions made by Dixon in a conversation in which the trial and presents were discussed.

The witnesses, in substance, said, that Dixon had in such conversation admitted that he had sworn falsely on the trial; that he had said his contract was with McGee and that he did not have a contract with Jackson; and conceding that there was a conversation between Dixon and the witnesses, we are impressed from our reading of our testimony that the women testified as to their conclusions from their understanding of the issues presented on the trial, as explained to them by Dixon, and without regard to the denial of Dixon that he had made the statements attributed to him by the witnesses, we are of the opinion that the testimony was not sufficient to show that Dixon had admitted that he testified falsely as to any issue presented on the trial, and there is not any other evidence in the record indicating that Dixon had sworn falsely. The judgment rejecting plaintiff's demands was correct.

The plaintiff complains of the allowance of attorney's fees on the ground that there was not any motion made to dissolve the injunction and the injunction being dissolved on the merits there could not be any allowance for such fees, citing Albert Hansen Lumber Co. vs. Mestayer, 130 La. 688, 58 So. 571; Three Rivers Oil Co. vs. Laurence, 153 La. 224, 95 So. 652; and Evasovich vs. Cognevich, 159 La. 1035, 106 So. 556, in which latter case it was said that such fees are not allowed where the injunction has been dissolved as the result of the trial on the merits, which rule is applicable where there was not any motion

to dissolve, although the dissolution of the injunction necessarily involved the merits.

The judgment appealed from is therefore amended, so as to strike therefrom the allowance for attorney's fees, and as amended it is affirmed.