ROGERS, Justice.
 

 This is a slander of title suit brought by the Schwing Lumber & Shingle Com
 
 *480
 
 pany, Inc., and the Iberville Land Company against the Board of Commissioners of the Atchafalaya Basin Levee District and the Bagby Petroleum Corporation. The land involved in the suit is irregular Section 85, Township 7 South, Range 8 East, situated in the Parish of St. Martin.
 

 Plaintiffs allege that the Schwing Lumber & Shingle Company, Inc., is the record owner of the fee and a ®%6 mineral royalty interest in the land and that the Iberville Land Company is the record owner of a %6 royalty interest therein.
 

 Plaintiffs allege, among other things, that the Atchafalaya Basin Levee District is slandering their title to the land and mineral rights by asserting the validity of an invalid tax sale of the property, dated July 27, 1895, for the taxes of the year 1894, and that the Bagby Petroleum Corporation is slandering their title to the property by claiming a mineral royalty interest therein, which interest it acquired on June 23, 1938, by mesne conveyance from its codefendant, the Atchafalaya Basin Levee District.
 

 Section 85, together with other sections in the same township, was transferred by ■the United States to the State of Louisiana under the Swamp Land Grants of 1849 and 1850. On March 28, 1892, by mesne conveyance, the section was acquired by F. B. Williams. On December 13, 1894, Williams conveyed the property to Joseph Norgress, the act of sale reciting that the taxes for the- year 1894 had been paid. On April 29, 1910, Norgress sold the land to the Schwing Lumber & Shingle Company, Ltd., which in turn sold the property to the Schwing Lumber & Shingle Company, Inc. On April 14, 1939, the Iberville Land Company acquired a
 
 Yse
 
 mineral royalty interest in the property from the Schwing Lumber & Shingle Company, Inc.
 

 The Board of Commissioners of the Atchafalaya Basin Levee District, answering plaintiffs’ petition, asserted the validity of its title and prayed that its title be recognized and maintained subject to a lease which it granted to C. B. Pennington, now owned by the Shell Oil Company, Inc., and subject further to the overriding royalty rights of the Bagby Petroleum Corporation. Answering plaintiffs’ petition, the Bagby Petroleum Corporation asserted the validity of the title of its codefendant, the Atchafalaya Basin Levee District, and prayed that the title be recognized and maintained subject • to the lease of the
 
 Shell Oil
 
 Company and of its overriding royalty rights. The Shell Oil Company, which held a lease from the original plaintiffs, disclaimed any interest in the outcome of the suit and therefore was not made a party. On the trial of the suit, the Bagby Petroleum Corporation filed a motion asking that its answer stand as filed and that, as its defense- was the same as that of the Levee Board, it be permitted to withdraw from further participating in the case.
 

 After hearing the case on the merits, the trial judge rendered a judgment in favor of the plaintiffs, the Schwing Lumber & Shingle Company, Inc., and the Iberville Land Company, and against the defendants, the Board of Commissioners for
 
 *482
 
 the Atchafalaya Levee Board and the Bagby Petroleum Corporation, decreeing the Schwing Lumber & Shingle Company, Inc., to be the owner in fee of the property involved in this suit and of a ®%6 royalty interest therein, and the Iberville Land Company the owner of a %6 royalty interest in the property. From this judgment, the defendants appealed.
 

 The record discloses that, in the year 1895, Section 85, Township 7 South, Range 8 East, in the Parish of St. Martin, was adjudicated to the State of Louisiana in the name of F. B. Williams for the unpaid taxes of 1894. In 1896 the State o£ Louisiana conveyed the section to the Atchafalaya Basin Levee District. In 1938, the Levee Board leased the section, with other lands, to C. B. Pennington, who assigned his lease to the Bagby Petroleum Corporation which, in turn, assigned the lease to the Shell Petroleum Company, retaining an overriding royalty interest.
 

 The evidence introduced by the Levee Board was wholly documentary, consisting of certified copies of the adjudication to the State of Louisiana in the name of F. B. Williams, the transfer from the State to the Levee Board, the lease from the Levee Board to Pennington, and the assignment from Pennington to the Bagby Petroleum Corporation.
 

 The plaintiffs introduced in evidence certified copies of the sales and transfers constituting their chain of title, together with a certified copy of the transcript of testimony adduced in the case of South Louisiana Land Co., Ltd. v. Norgress, showing that Norgress had been in possession of Section 85 for a period of more than ten years prior to 1905. The case is reported in 120 La. at page 168, 45 So. at page 49.
 

 Counsel for the Levee Board objected to the offer of the transcript in the Norgress case on the ground that it was irrelevant and that the testimony therein was taken in another suit to which the Levee Board was not a party. Holding that the objection could only be passed on after he had an opportunity to read the testimony, the trial judge reserved his ruling on the objection.
 

 The plaintiffs also produced a number of witnesses to testify on the question of the possession of the property by plaintiffs and their ancestors in title. According to the testimony of these witnesses, without considering the evidence appearing in the record in the case of the South Louisiana Land Company, Joseph Norgress was in the open, notorious and continuous possession of the property involved in this suit from the time he acquired it in 1894 until he sold the property to the Schwing Lumber & Shingle Company, Ltd., in 1910. During that time Norgress cut and removed timber every year from the land, which was a cypress swamp. When the Schwing Lumber & Shingle Company, Ltd., acquired the property in 1910, it proceeded to have the boundaries established and to cut and remove the cypress timber from the property. These operations continued systematically from year to year as the conditions and .growth of the timber justified. Its successor,’ the Schwing Lumber & Shingle Company, Inc., continued to work the land
 
 *484
 
 until it was completely denuded of timber in the year 1939. It was the uncontradicted testimony that, with the exception of E. A. Davis, no one but Joseph Norgress and his successors in title, the Schwing Corporations, took possession of the property. So far as Davis is concerned, the testimony shows that in 1894, by mistake, he removed some timber from Section 85 for which he promptly made satisfactory adjustment. The testimony shows that the land was patrolled and supervised from time to time and that the taxes from 1910 to 1940 were paid by the Schwing Corporations. Between 1894 and 1910, the taxes were paid by Norgress whenever the property was assessed to him for most of the years between those dates; that neither the State -of Louisiana nor the Atchafalaya Basin Levee Board claimed the title to or any interest in the property until the month of June, 1938, when the Levee Board executed a mineral lease to C. B. Pennington.
 

 All these facts establish the possession of the property by plaintiffs and their authors in title. It is the same character of. possession which was held to be sufficient to protect the possession of an owner and taxpayer in South Louisiana Land Company v. Norgress, 120 La.
 
 168, 45 So. 49.
 
 See, also, Miller v. Albert Hanson Lumber Company, 130 La. 662, 58 So. 502; Kees v. Louisiana Central Lumber Co., 183 La. 111, 156 So. 817; Baldwin v. Arkansas-Louisiana Pipe Line Co., 185 La. 1051, 171 So. 442; Dupuy v. Joly, 197 La. 19, 200 So. 806.
 

 When the tax collector for the Parish ■of St. Martin on July 27, 1895, adjudicated the property to the State of Louisiana for the delinquent taxes of 1894 in the name of F. B. Williams, the property was not owned by Williams. It was owned by Joseph Norgress. Williams sold the property to Norgress on December 13, 1894, which was about seven months before the tax sale was made. The sale from Williams to Norgress was duly recorded in the conveyance records of St. Martin Parish on December 22, 1894. Since Norgress was the owner of the property in July, 1895, the notice of delinquency should have been directed to and served on him and the advertisements calling for the tax sale should have been in his name.
 

 This court has repeatedly held, more particularly under Article 210 of the Constitution of 1879, which was in force at the time the tax sale here involved was made, that the notice required to be given the taxpayer of the tax delinquency preceding the advertisement and sale must be given to the actual owner of the property at the time the notice is given. Pierson v. Castell Land & Harbor Co., 159 La. 158, 105 So. 274.
 

 In the recent case of Martin v. Serice, 200 La. 556, 8 So.2d 538, 539, it was pointed out that it is now the uniform jurisprudence that “no matter in whose name the property has been assessed, the owner of record at the time of the advertisement and sale for taxes is to be regarded as the delinquent tax debtor within the meaning of the constitutional provision requiring notice to be given to the delinquent before making the sale, and where notice of delinquency was not given to the record owner, the
 
 *486
 
 tax sale is void.” A number of cases are cited in favor of the statement.
 

 It is also the settled jurisprudence that the constitutional peremption established for tax sales does not accrue where the owner remains in corporeal possession of the property. Pill v. Morgan, 186 La. 329, 172 So. 409, and cases therein cited.
 

 Since the property here involved was adjudicated to the State of Louisiana in the name of F. B. Williams, who was not the record owner, and no notice of delinquency was served on Joseph Norgress who was the record owner, the tax sale made on July 27, 1895 was invalid, and neither the State of Louisiana nor its transferee, the Atchafalaya Basin Levee District, acquired title to the property by virtue of the sale. Norgress and his successors in title having been in the continuous possession of the property, the constitutional peremption did not accrue in favor of the State or its assignee. The trial judge so held.
 

 Since we find that the tax sale on which defendants’ claim of title rests is invalid, we do not find it necessary to discuss the other questions raised alternatively by the plaintiffs. Nor do we find it necessary to discuss the constitutionality .or effect of Act No. 76 of 1938, providing that prescription shall not run against the levee districts of this State.
 

 For the reasons assigned, the judgment appealed from is affirmed.