ELLIS, Judge.
In this suit three plaintiffs, Murphy Car-riere, Elie Mistric, and Amos L. Carriere, *640 are seeking the annulment of a tax sale as well as the cancellation of the inscription thereof made to the defendant of date June 29th, 1948, for the state and parish taxes for the year 1947. The tax sale to Dupre was attacked upon the following grounds:
(a) The description under which the property was assessed and the adjudication made was not in law sufficient.
(b) Lack of legal notice to the tax debtors.
(c) Repayment to the tax purchaser and acceptance by him of substantially all of his tax money.
Judgment was rendered in favor of the plaintiffs upholding the nullity and cancellation of the tax deed on the first two grounds and the defendant has appealed.
As we deem the second ground of attack fatal to the tax sale herein we will not consider the other two.
The record discloses that on May 8, 1948 Murphy Carriere purchased from Elie Mis-tric the following described property:
“A certain vacant lot of ground just west of and outside the corporate limits of the City of Opelousas, St. Landry Parish, Louisiana, and being and comprising portions of lots Thirty-seven, and Thirty-eight shown on a plat of subdivision made for Merrick Hidalgo by Paul J. Mayne, C. E.; a copy of which plat is recorded and identified with the act of sale from said Hidalgo to Simon Brasseux recorded in Act No. 231,913 in Conveyance Book B-8, page 514, said lot fronting Fifty (50) feet on west thirty foot gravel street, by a depth between parallel lines running therefrom to west line ©f Lot T irty Seven of the said plat and for a distance of One Hundred and Thirty-five (135) feet, more or less, and which lot of ground is bounded North by Lot Thirty-six shown on the said plat, south by vendor, East by thirty-foot gravel street shown on the map of said addition, and west by west line of Lot Thirty-seven of the said plat.
“The above lot of ground is a part of the same lot and being specifically the north fifty feet thereof, which vendor, Elie Mistric, acquired by purchase of T. J. Kirkland under act of sale dated and recorded April 16, 1946 under Entry 235,356, in Conveyance Book E-8, page 109, records of St. Landry Parish, Louisiana.” ,
On the 16th day of April 1946 Elie Mis-tric had purchased the following described property which is the same as was sold to Murphy Carriere with the exception of the ten feet reserved by Elie Mistric, to-wit:
“A certain vacant lot of ground situated west of and outside the corporate limits of the City of Opelousas, St. Landry Parish, Louisiana, and being part of Lots Thirty Seven (37) and Thirty Eight (38) shown on a plat of subdivision made for Merrick Hidalgo by Paul J. Mayne, C. E. a copy of which plat is filed and identified with an act of sale from said Hidalgo to Simon Brasseux recorded as Act No. 231-913, said lot fronting 60.8 feet on West side of Thirty foot graveled street by a depth running therefrom to west line of Lot Thirty Seven and which lot of ground is bounded north by Lot Thirty Six shown on said plat, south by lot sold this date by vendor to Amos Carriere, East by said thirty foot graveled street shown on the map of said addition, and west by west line of Lot Thirty-seven of said plat.
“The above lot of ground is a portion of the said two lots which vendor, acquired of Merrick Hidalgo February 21, 1946 as per act No. 233,565, recorded February 23, 1946 in the conveyances of St. Landry Parish, Louisiana, measured off of the north side thereof to comprise one-half or area of the same.”
On April 22, 1947 Elie Mistric purchased from Amos Carriere the S./2 of Lots 37 and 38 upon which he retained a special mortgage and was also granted a special mortgage upon the ten feet retained by Elie Mis- *641 trie when he sold to Murphy Carriere. The assessment rolls for the Parish of St. Landry for the year 1947 carried the property of Amos Carriere, viz., the S/2 of Lots 37 and 38 which was 60.8 feet north and south by 135 feet east and west, and the property of Elie Mistric which constituted the N/2 of Lots 37 and 38 and which measured 60.8 feet north and south by 135 feet east and west between parallel lines, under identical descriptions, viz.:
“1 Lot being 60.8' of Lots No. 37, 38, of Plat of Survey made by Merrick Hidalgo, in Sec. 13 T 6- SR 3E.”
It was definitely shown by Murphy Car-riere and admitted that he received no notice and it was also testified to by Mr. and Mrs. Elie Mistric that they had received no notice. Elie Mistric lived outside the city limits of Opelousas in St. Landry Parish and received his mail by rural delivery, and in order for it to reach him it was necessary that it be addressed to him on Route 4, Box 32. It is conceded that if any notice was ever mailed to him it was not so addressed.
It is established that Murphy Carriere after his purchase of the property on May 8,1948, built a house and has been living on the property ever since. In 1949 he discovered that there had been a tax sale of his property to the defendant on June 29, 1948, and he immediately notified Amos Carriere and Elie Mistric. Mrs. Mistric testified that she first learned of the tax sale when Murphy Carriere attempted to get a homestead exemption and then called them about the tax sale. She and her father, Amos Car-riere, then went to the SherrifFs Office of St. Landry Parish and also to the assessor’s office where they were told by a deputy tax assessor that there was a double assessment and no taxes were due. The chief deputy Tax Collector of St. Landry Parish confirmed the testimony of Mrs. Mistric and Amos Carriere to the effect that they had come to his office and he looked up the property and it was identically described in the name of Elie Mistric and Amos Carriere. He further testified that in 1948 the Sheriff’s office received a letter from the assessor’s office cancelling the assessment under which it had been sold to Walter Dupre for 1947 taxes in 1948 and that when Mrs.' Mis-tric came to pay the taxes or to redeem the property in 1949 he told her “It was doubly assessed, she didn’t have to pay.” This witness also testified that he refused the defendant’s attempt to pay.
Mr. Bercier, deputy tax assessor for the parish of St. Landry testified that when Mrs. Mistric and Mr. Amos Carriere came to the office for homestead exemption, “the two identical descriptions with homestead exemptions appearing on the first one in the name of Elie Mistric and the next page is in the same name and marked ‘sold for taxes’, the same description, the same account number. I have cancelled the second assessment as being doubly assessed with the other one.” He then notified the defendant and the Louisiana Tax Commission agreed to refund him the money that he had paid through the cancellation of the taxes and accordingly the defendant received credit on his 1949 taxes for the amount which he had paid for the tax purchase of the property of Mistric for the 1949 taxes.
The only testimony offered in order to overcome that of the plaintiffs that no notice was received was to the effect that it was the general practice to send out notices and for that reason the chief deputy tax collector thought that notice had been sent. It is clear also that no return receipt could be located in the records of the parish of St. Landry nor was the original notice returned to the office of the tax collector. If it was returned it was not found. There was found in the post office a record of a registered article having been addressed to Elie Mistric on April 18, 1948, however it was not shown whether this registered article was the tax notice, as it could not be found. It was not addressed to any route.
In view of the fact that Murphy Carriere was the owner of the north 50 feet of Lots 37 and 38 and Elie Mistric was still the owner of the south ten feet of the north half of Lots 37 and 38, on the date of the advertisement and sale of the property it was necessary that both, being record own *642 ers, receive notice else the tax sale in this case is a nullity.
In the case of Martin v. Serice, 200 La. 556, 8 So.2d 538, the Supreme Court through Justice Rogers, held:
“The notice of tax delinquency required by Constitution and by statute must be served on the owner of record at the time of the advertisement and sale of the property, and not on the owner of record at the time the notice of delinquency was sent out by the Sheriff and tax collector. Act 'No. 170 of 1898, §§ 25, 50, 53; Cdnst.1921, art. 10, § 11."
“.Notice of tax delinquency served must be served on owner of record at the time of the advertisement and sale of property. Act No. 170 of 1898, §§ 25, 50, 53; Const. 1921, art. 10, § 11.”
Also see Di Giovanni v. Cortinas, 216 La. 687, 44 So.2d 818; Federico v. Nunez, 173 La. 957, 139 So. 18; Doll v. Montgomery, La.App., 58 So.2d 573; Schwing Lumber & Shingle Co., Inc., v. Board of Com’rs for Atchafalaya Basin Levee District, 202 La. 477, 12 So.2d 235; Prampin v. Southern Chemical Works, Inc., La.App., 53 So.2d 210.
The facts in the case at bar are similar on the question of notice to the record owner as in Gibbs v. Roos, La.App., 178 So. 674, 677. In the latter case, it was shown that the plaintiff lived in Bossier Parish about 1⅜ miles from the town of Koran and about 10 miles from that of Houghton. She, her husband and her son testified that she received no delinquency notice regarding the taxes of 1926 for which her property was sold in 1927. The post office through which she usually received mail was at Koran. The tract in question was carried on the assessment rolls for 1926 in her name but her address thereon was listed as Houghton, Louisiana. The post mistress at Benton, Louisiana, the Parish seat, testified that on April 1, 1927 she dispatched a registered letter mailed by the tax collector and addressed to Plaintiff at Houghton, Louisiana. She had no record of a return receipt in connection with the letter and could not state whether or not that item of mail was ever returned. No record of registered mail return receipts regarding the collection of 1926 tax was available in the tax collector’s office. The Court held: “In view of the evidence just discussed, we find as a fact that the required notice was not given to plaintiff, and we hold that the presumption in favor of the regularity of the tax sale in question has been successfully rebutted.”
Under the jurisprudence Murphy Carriere should have received a notice as he was the record owner prior to the advertisement and sale of the property. It is admitted that he received no notice, therefore the tax sale as it affects his 50 feet is a nullity. As to Elie Mistric, the facts are more favorable than in the Gibbs case for there is no record of any notice having been sent other than an unidentified record of a registered article incorrectly addressed to Elie Mistric of April 18, 1948. There was no record of registered mail return receipts in the tax collector’s office, and in fact, no record of any notice having been mailed to Elie Mistric. In view of the fact that the officials in the Sheriff’s office and the Assessor’s office considered the assessment of a dual nature and eventually cancelled it, it is logical to assume that no notice was sent for this reason.
Be that as it may the presumption in favor of the regularity of the tax sale in question has been rebutted.
The judgment of the lower court in annulling and cancelling the tax sale is affirmed.